## HENRY TARVER v. THE STATE.

PRACTICE—WITNESS.—When a witness is re-examined at the request of the jury, after their retirement and return into court, the omission of the judge to direct the witness to confine his testimony to the particular point of disagreement, and to make his statement in

the language used by him in his first examination as nearly as he can, will, when the witness, in the absence of such caution, has given additional evidence, be ground for reversing a judgment of conviction.

APPEAL from Washington    Tried below before the Hon. I. B. McFarland.

*J. D. Giddings,* for appellant.

*Peeler, Assistant Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—This is an indictment against Theodore Hall, Charles Banks, George Ford, and Henry Tarver, charging them with theft of sixty-two dollars and fifty cents in gold and silver coin from the possession of Benjamin Randle, the owner, and from the house of Caroline Presley.    The appellant, Tarver, being on trial was convicted, and his punishment assessed by the jury at two years' confinement in the penitentiary, and his motion for a new trial being overruled he appealed, and assigns for error among other grounds that the court permitted the witness, Hackworth, to make a different statement when recalled by the jury from that made on the trial.

It appears from the statement of facts that the jury, after having retired, returned into court and asked to have the witness, Hackworth, recalled, and which being done, the witness in answer to a question asked by a juror said: " I am positive that the defendant told me that he was concerned in the robbery."

It is contended for appellant that this statement differed from the one that the witness has made to the jury on the trial, and that the defendant was injured thereby.    On his first examination this witness said that his impression was that the defendant stated to him that he, the defendant, was concerned in taking the money, but that he was not positive that he did say so.

The code provides, "If the jury disagree as to the state-ment of any particular witness, they may, upon applying to the court, have such witness again brought upon the stand, and he shall be directed by the judge to detail his testimony in respect to the particular point of disagree-ment, and no other, and he shall be further instructed to make his statement in the language used upon his exam-ination as nearly as he can." (Criminal Procedure, art. 3080, Paschal's Dig.)

It does not appear that the re-examination of the witness was conducted in accordance with this provision of the code. It seems that a question was put to the witness by a member of the jury, but as the question, in form or sub-stance, is not given, what it was can only be inferred from the answer. The witness should have been directed by the judge to detail his testimony in respect to the particular point of disagreement and no other. In the guarded lan-guage of the law, the witness should be instructed to make his statement in the language used upon his examination as nearly as he can. It not being shown that this was done, we are not authorized to say that such a departure from the requirements of law in the mode of examination and in permitting the witness to make a further and addi-tional statement from that made on the trial may not have been prejudicial to the rights of the appellant.

It might have been presumed that the proper instruc-tions had been given to the witness, if the judge had not stated what occurred at the time, but having undertaken to state the facts, no such presumption can arise. If, how-ever, it appeared that the instructions were given, it would not remove the objection to the statement made by the witness on his re-examination. It is not necessary to exam-ine the other grounds of objection to the judgment with a view to express an opinion, as they may be avoided on another trial. The judgment is reversed and case remanded.

REVERSED AND REMANDED.