## L. EDMONDSON *v.* THE STATE.

PRACTICE. — At the instance of the jury a witness may, by direction of the court, be recalled and required to restate his former testimony on the particular point of disagreement; but to allow a witness, when thus recalled, to make statements additional to his previous testimony is in contravention of both the letter and the spirit of the provision of the Code which controls the subject.

APPEAL from the County Court of Lamar.    Tried below before the Hon. S. C. BRYSON, County Judge.

The appellant was charged, by information, with the misdemeanor of unlawfully pulling down a fence without consent of the owner.    The jury assessed against him a fine of $10.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, J.    After the case had been submitted to them, the jury returned into court and announced that they were unable to agree upon the facts, and wished the witness Q. R. Thompson recalled, that he might restate his evidence " about where one piece of fence was pulled down, with reference to a diagram showing two lines west of the defendant's house."    A bill of exceptions, which is signed and certified to by the judge as correct, states that the witness was recalled, and rehearsed his former statement; and the jury being still unsatisfied, the court permitted two of them " to question the witness, and permitted the witness to answer, detailing matters not detailed before that time, *   *   *   and added thereto, in answer to a question propounded by Jesse Caviness, a juror, a positive declaration as to his mother's fence, calculated to remove the doubts of jurors," etc.

Now, our statute is that, " if the jury disagree as to the statement of any particular witness, they may, upon apply-

ing to the court, have such witness again brought upon the stand, and he shall be directed by the judge to detail his testimony in respect to the particular point of disagreement, and no other; and he shall be further instructed to make his statement in the language used upon his examination, as nearly as he can." Pasc. Dig., art. 3080; Rev. Stats., Code Cr. Proc., art. 697.

In *Campbell* v. *The State*, 42 Texas, 591, our Supreme Court say, with reference to this statute: "We certainly are not prepared to hold that every departure from the strict letter of this article will require a reversal of the judgment. On the other hand, we are as unwilling to say that in no case will the failure of the court below to obey the behest of a directory statute warrant a reversal."

And in *Tarver* v. *The State*, 43 Texas, 564, it is said: "We are not authorized to say that such a departure from the requirement of the law, and in permitting the witness to make a further and additional statement from that made on the trial, may not have been prejudicial to the rights of the appellant."

Because it appears that the procedure in this case, with regard to the so-called witness, was in contravention of the plain letter and spirit of the law, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*