JOSEPHINE CLAY v. THE STATE.

No. 3276. Decided October 28, 1914.

Rehearing denied November 25, 1914.

**1.—Murder—Charge of Court—Reasonable Doubt.**

Where appellant complained of the court's failure to charge the jury if there was a reasonable doubt arising on the facts between the issue of manslaughter and self-defense, he would be entitled to the benefit of the doubt, and there was nothing to indicate at what time this charge was asked, whether before the court read the charge to the jury or afterwards, or that exception was reserved to the court's charge before it was read to the jury, the same can not be reviewed on appeal; besides, the court's charge on the presumption of innocence and reasonable doubt was sufficient in the instant case.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of manslaughter, the evidence was sufficient to sustain the conviction, although conflicting, there was no reversible error.

**3.—Same—Indeterminate Sentence.**

The jury in their verdict finds a term of years and the court fixes the punishment from the lower to that fixed by the jury under the indeterminate sentence law.

**4.—Same—Postponement—Bill of Exceptions.**

In the absence of a bill of exceptions, the question of postponing the trial for the absence of a witness can not be considered on appeal.

**5.—Same—Reasonable Doubt—Charge of Court—Objections.**

In the absence of exceptions taken to the court's charge before it was read to the jury, defendant can not take the position that he requested a special charge which was refused on the issue of reasonable doubt between manslaughter and self-defense; besides, the court sufficiently charged thereon.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of manslaughter; penalty, not less than two nor more than five years imprisonment in the penitentiary.

The opinion states the case.

*Stanley Thompson,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.—On question of court's refusal of requested charge: Berry v. State, 73 Texas Crim. Rep., 203, 163 S. W. Rep., 964; Ryan v. State, 64 Texas Crim. Rep., 628, 142 S. W. Rep., 878; Berg v. State, 64 Texas Crim. Rep., 612, 142 S. W. Rep., 884; Byrd v. State, 69 Texas Crim. Rep., 35, 151 S. W. Rep., 1068.

DAVIDSON, Judge.—Appellant killed her husband under circumstances, as shown by the State, upon which the court submitted only the theory of manslaughter. The jury gave her five years. The court also submitted her theory of the case; that is, self-defense. There was no objection to this charge urged by appellant, though she asked one special charge. This, in effect, if given would have informed the jury if there was a reasonable doubt arising on the facts between the issue of manslaughter and self-defense appellant would be entitled to the benefit of the doubt. This was not given by the court. There is nothing to indicate at what time this charge was asked, whether before the court read the charge to the jury or afterward. Nor is there anything in the record showing that exception was reserved to the court's charge before being read to the jury. Therefore, under the late statute this matter can not be revised. Even if it could be, we hardly think the matter was of sufficient importance to require a reversal. The court gave the jury an instruction on presumption of innocence and reasonable doubt. This general charge may not always be sufficient. Sometimes where the case is tried upon critical lines and is so presented, an omission to give this charge between the degrees of homicide might result detrimentally to the defendant. In such case it should be given, and it might become material error not to give it. But anyway there were no exceptions reserved to the charge before being read to the jury, and it is not shown this charge was asked before argument.

It is contended that the evidence is not sufficient to support the finding of the jury. The State's case discloses ample evidence. The defendant's case presented the issue of self-defense. The jury has the right to solve these matters, and where there is a conflict in the testimony—that for the State supporting the conviction and that for the defendant justifying an acquittal—the jury's finding is conclusive.

There is also a suggestion in the motion for new trial that the jury should have brought in a verdict under the indeterminate sentence law. The jury finds a term of years and the court fixes the punishment from

the lower to that fixed by the jury. The jury does not fix the indeterminate sentence.

There is another question raised in the motion for new trial with reference to the absence of the witness Crooker and failure of the court to suspend the trial until he could be brought into court. This is a ground of the motion for new trial and no facts are stated in connection with it and no bill of exceptions verifying the matter, therefore it can not be considered.

As the record is presented the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

November 25, 1914.

DAVIDSON, JUDGE.—On a former day of this term the judgment herein was affirmed. Among other things, appellant's motion for rehearing insists the court was wrong in holding he should have reserved an exception to the general charge for the reason that the charge was correct as far as it went, and no exception, therefore, could be made, and the only thing that appellant could do was to ask the charge that was asked. In this connection he says the court erred also in assuming that the charge requested was on the question of reasonable doubt as to whether defendant was guilty of murder or manslaughter, and the requested charge presented reasonable doubt between manslaughter and self-defense. We find upon inspection of the original opinion that it states that this charge, in effect, if given, would have informed the jury if there was a reasonable doubt arising on the facts between the issue of manslaughter and self-defense appellant would be entitled to the benefit of the doubt. That as we understand was appellant's requested instruction, and we did hold that there was no error in refusing to give it; and also stated there was no exception taken before the charge was read to the jury, at least none shown by the record. This is necessary under the recent statute, and if the court's charge was wrong upon this proposition, appellant should have excepted to it on that ground, and if he desired a special charge, ask it. But we are of opinion the court sufficiently gave reasonable doubt on this proposition from two standpoints. In submitting the law of manslaughter the court uses this language: "Now, if you believe from the evidence beyond a reasonable doubt that the defendant with a deadly weapon in a sudden passion arising from an adequate cause, as the same has been hereinbefore explained, and not in defense of himself against an unlawful attack producing a reasonable exception or fear of death or serious bodily injury, with intent to kill, etc., you will find the defendant guilty and assess her punishment at confinement in the penitentiary for not less than two nor more than five years." This required the jury to find that she was guilty of manslaughter beyond a reasonable doubt to the exclusion of self-defense; but the court went further in the following language: "In all criminal cases the burden of proof is on the State. The defendant is presumed to be innocent until her guilt is established by legal evidence, beyond a

reasonable doubt; and in case you have a reasonable doubt as to the defendant's guilt you will acquit her, and say by your verdict not guilty." Usually these charges are sufficient, but as stated in the original opinion, there might be cases upon such close lines that it might become necessary for the court to charge the reasonable doubt between propositions that are involved in homicide cases.

We are of opinion that the motion for rehearing is not meritorious from any viewpoint of this record.

Believing the original opinion to be correct the motion for rehearing is overruled.

*Overruled.*