PASQUAL GALAN v. THE STATE.

No. 3507. Decided May 19, 1915.

1.—Murder—Jury and Jury Law—Bill of Exceptions.

Where the bill of exceptions in no way showed why the alleged juror was objectionable to the defendant or that he was in any way disqualified, and the objections raised that the juror could not hear well was shown by the judge's qualification not to be true, there was no error. Following Oates v. State, 67 Texas Crim. Rep., 488.

2.—Same—Evidence—Bill of Exceptions—Voluntary Statement.

Where the bill of exceptions complained of the introduction in evidence of defendant's voluntary statement made by him at his examining trial because he had not understood the same and that he had not been properly warned, and the bill of exceptions was so qualified that this contention of defendant was not established to the satisfaction of the court, and the bill of exceptions presented the question in such a way that this court can not determine that the ruling of the trial court was erroneous; and besides that the statement was admissible in evidence, there was no reversible error.

3.—Same—Evidence—Recall of Witness—After Argument.

Where defendant complained on appeal that after the jury had retired to consider their verdict, a certain State's witness was permitted, over the objection of the defendant, to testify in response to questions of the foreman of the jury, and that the court failed to instruct said witness to make his statement in the language used by him in his examination upon trial as nearly as

he could, but the bill of exceptions did not comply with the rules of this court so that it can intelligently pass thereon, and it further appeared that the witness testified in his previous testimony precisely or substantially to the same things, there was no reversible error. Davidson, Judge, dissenting.

### 4.—Same—Bill of Exceptions—Rule Stated.

The allegations of the bill of exceptions should be full and explicit so that the matters presented to the court on appeal for revision may be comprehended without recourse to inference. Following Best v. State, 72 Texas Crim. Rep., 201, and other cases.

### 5.—Same—Rule Stated—Bill of Exceptions.

The bill of exceptions should be so explicit as to enable this court to fully understand all the facts upon which the correctness or error of the ruling depend; otherwise, they will not be considered.

### 6.—Same—Rule Stated—Bill of Exceptions.

The bill must set out the proceedings of the lower court sufficiently to enable this court to know that an error has been committed, and must in itself disclose all that is necessary to manifest the supposed error and state enough of the evidence to render intelligible the ruling excepted to.

### 7.—Same—Bill of Exceptions—Rule Stated.

The bill of exceptions can not be aided either by a statement in reply to a motion for new trial or by the statement of facts, as it controls even the statement of facts.

### 8.—Same—Rule Stated—Ground of Objection.

Objections or the mere statement of the ground of objection in the bill is not the certificate of the judge that what is stated is true; it is the mere objections of the party.

### 9.—Same—Inferences—Rule Stated.

Inferences will not be indulged in to supply omissions in a bill of exceptions nor will this court supply omissions or aid the bill by inferences or presumptions.

### 10.—Same—Waiver—Rule Stated.

Objections not affirmatively mentioned in the bill of exceptions are deemed to have been waived.

### 11.—Same—Predicate—Rule Stated.

A bill of exceptions to the admission of evidence is incomplete and insufficient which simply states the grounds of objection to the alleged error, but fails to state as matters of fact the matters upon which the objections were predicated.

### 12.—Same—Conduct of District Attorney—Map—Bill of Exceptions.

Where, upon trial of murder, the defendant objected to the statement of the district attorney in the presence of the jury that he was willing for the jury to take the map drawn by the State's witness with them in their retirement, and the court expressly disapproved defendant's contention of its having any bad effect on the jury, which qualification the defendant accepted, there was no reversible error. Davidson, Judge, dissenting.

### 13.—Same—Remarks by Judge.

Where the bill of exceptions to the remarks by the judge as to the adjournment or recess taken during trial was so qualified that the deductions and claims of what the jury could draw and understand therefrom was not approved by the court, there was no reversible error.

**14.—Same—Requested Charge—Objections to Charge of Court—Self-defense—Manslaughter.**

Where, upon trial of murder, the court's charge properly submitted self-defense and manslaughter, and no objections were made to the court's charge before it was read to the jury or that the requested charges were presented to the judge prior to the time he submitted his main charge, the matter can not be reviewed on appeal. Following Ross v. State, 75 Texas Crim. Rep., 59, and other cases. Davidson, Judge, dissenting.

**15.—Same—Objections—Charge of Court.**

Where the defendant does not raise the question of his objections to the charge of the court in a way that would authorize this court to review it, there is no reversible error. Following Ryan v. State, 64 Texas Crim. Rep., 628, and other cases. Davidson, Judge, dissenting.

**16.—Same—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of murder, the evidence sustained the conviction under a proper charge of the court, there was no reversible error. Davidson, Judge, dissenting.

Appeal from the District Court of Atascosa. Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was indicted for the murder of Felix Sanchez, alleged to have been committed on March 14, 1914. He was tried in December, 1914, and convicted of murder,—the lowest penalty, five years in the penitentiary, was assessed against him.

In his first bill of exceptions he complains that the court erred in refusing to sustain his objections to Wm. Blunt as a juror, and in holding Blunt qualified, causing him to peremptorily challenge him and thereby forcing W. A. Reece, an objectionable juror, upon him, he having exhausted his challenges before Reece was presented. The bill in no way shows how or why Reece was objectionable to him, nor that he was in any way even claimed to be disqualified. The bill shows his cause for challenging Blunt was: That upon his voir dire examination he declared his hearing was not good, and unless very favorably situated in the jury box he would not be able to hear the testimony of the witnesses from the witness stand, and at times there was a ringing in his ears which at times affected his hearing quite materially; that he was fifty-nine years old and never served as a juror but once before. In approving this bill, the court qualified it by stating: "That the juror seemed to readily hear and understand any and all questions asked by the court, and the juror stated that if he was placed near the witnesses he could hear and understand what they, the witnesses,

might state, and the court stated to counsel that in case said juror was selected to serve on this jury he would be placed near the witness stand and in a favored position, the juror spoken to by the court in an ordinary tone of voice seemed to understand as well as the ordinary man." This bill shows no error. Oates v. State, 67 Texas Crim. Rep., 488, 149 S. W. Rep., 1194, and cases therein cited.

His next bill, No. 2, and his sixth, will be considered together. They are on the same subject and present the same question. They complain of the court's action in permitting introduced in evidence his voluntary statement made by him at his examining trial before R. A. Terry, the justice of the peace, for the reason, stated in No. 2, that said statement made by him was in Spanish, he having no knowledge of the English language, and the same was interpreted into English by an interpreter whose knowledge of English was very imperfect, and that said interpreter testified under oath, when his qualifications as interpreter was tested before the court, that the voluntary statement as submitted to him did not speak the truth in that the appellant is made to say that he said to the State's witness Chon Sanchez at or near the stump where the difficulty began, "that his, Chon Sanchez's mother could take out the stump," whereas, in fact, he stated that Chon Sanchez told him that "his (the defendant's) mother could take out the stump"; that defendant was not represented by counsel at the examining trial, and that he imperfectly understood the interpreter. In his sixth, the reason stated is, that it was not shown that he had been properly warned in the language which he understood, and said statement was not what defendant really said to the party writing down the same, it having been shown to be incorrect.

The court, in approving his bill No. 2, did so with this qualification: "The defendant introduced the party who did the interpreting in the examining court, and on the examining trial of defendant, and he testified in defendant's favor and to some extent changed the meaning of record as stated by defendant in his voluntary statement, but it was not clearly shown that the interpreter was incompetent or misunderstood the statement of defendant as made at the time of the examining trial, but only stated his, the interpreter's recollection of the proceeding as he remembered same, it, the examining trial, having occurred about a year, or at least many months prior to this final trial."

In approving bill No. 6, the court did so with this qualification: "The contention on the part of defendant was that he did not understand the interpretation as made, which contention was not established to the satisfaction of the court, and hence the foregoing conclusions inserted in this bill by counsel are not approved, the remainder of the bill is approved and is ordered filed as a part of the record in this case."

The statement, which was introduced in evidence, is not copied nor purported to be in either of said bills, nor is the substance of it given in either or both. Hence, neither bill presents the question in such a way that we can determine that the action of the court was in any way erroneous. It will be seen that appellant's objections are not

approved as statements of facts by the judge, but the reverse of that seems to be true. Neither of the bills, nor both, show that the statement was not admissible. That the interpreter, or whoever wrote out the statement as given by the interpreter, might have made a mistake in one particular, would not of itself render the statement inadmissible.

The jury would hear the whole testimony as to any claimed mistake and might disregard the statement in the particular shown to be a mistake, if so, yet all the balance of the statement might clearly be admissible. It might be that the evidence on the subject, as a whole, in connection with the statement might make it appropriate for the court to instruct the jury as to what they could or could not consider, but no such complaint was made on the trial or now.

Omitting only the heading of appellant's bill No. 3, which merely gives the style and number of the cause and the court and term, it is:

"Be it remembered that upon the trial of the above styled and numbered cause, J. H. Winn, sheriff of Atascosa County, a witness for the State, was, at the request of the jury, and after the said jury had retired to consider of their verdict, permitted, over the objection of the defendant, to testify in response to questions of the foreman of the jury, as to the distance where the hat was found from the Sanchez camp, if possible, the court failing to instruct the said witness to make his statement in the language used by him in his examination as nearly as he could, and in response to said question of said foreman, the said witness proceeded to give testimony not previously given by him, and thereupon said witness testified as follows: Question by the foreman of the jury: 'We want to know the distance from where the hat was found to the Sanchez camp?' Answer: 'It was about one hundred and fifty yards, that's it.' Question: 'Did you step it off or measure it?' Answer: 'I guess it fifty or about fifty or sixty yards. Guesses at it, and part of it I measured. Found it beyond a cord of wood, about fifty or sixty yards; fifty or sixty yards from the Galan-Sanchez camp, I mean.'

"To all of which said testimony the defendant then and there objected for the reason that it was inadmissible for the witness to do more than repeat the language as nearly as he could, the evidence previously given by him, and because his testimony was new matter, and because the court had failed to instruct the said witness to make his statement to the jury in the language used by him in his examination as nearly as he could, because the said witness had testified in the case and was only recalled at the request of the jury, and the court overruled the said objections of the defendant, and permitted the witness to give the above testimony, and the defendant then and there excepted to all of said testimony, and now here tenders this his bill of exceptions No. 3, and prays that the same may be signed and made a part of the record in this case, which is accordingly done, with the additional statement that witness stated the distance above mentioned to be 150 or 160 yards from where the hat was found to Sanchez's camp.

"F. G. Chambliss, Judge 56th Jud. Dist. of Texas."

This bill was filed March 13, 1915. The rules for the requisites of bills of exceptions in criminal cases have been so long and so well established that it seems it should be useless to again state them. They have been clearly and distinctly stated by a long and uniform line of decisions of this court. Judge White, so long a Judge and Presiding Judge of this court, in his Ann. C. C. P., in 1900, states them and collated the authorities up to that date, in sections 807 to 862, inclusive, and in section 1123. In a large number of cases, too numerous to collate, but notably in James v. State, 63 Texas Crim. Rep., 75; Conger v. State, 63 Texas Crim. Rep., 312, and Best v. State, 72 Texas Crim. Rep., 201, 164 S. W. Rep., 996, recently attention has been called to these rules and the said sections of Judge White's Annotated Procedure cited.

It occurs to us that no one could seriously contend that the above copied bill complies with these rules or any of them to such an extent as that this court can intelligently tell therefrom that any material or reversible error was committed by the trial judge. We stated specifically some of these rules in Best v. State, supra, and will here again copy them:

"1. The allegations thereof should be full and explicit, so that the matters presented to the court on appeal for revision may be comprehended without recourse to inferences.

"2. They should be so explicit as to enable the court on appeal to fully understand all the facts upon which the correctness or error of the rulings depend; otherwise they will not be considered.

"3. It must set out the proceedings in the court below sufficiently to enable the court on appeal to know that an error has been committed. It must be so full in its statements that in and of itself it will disclose all that is necessary to manifest the supposed error, and must state enough of the evidence or facts proven to render intelligible the ruling excepted to.

"4. It can not be aided either by a statement in reply to a motion for new trial or by the statement of facts.

"5. It controls even the statement of facts.

"6. Objections or the mere statement of the ground of objection in the bill is not the certificate of the judge that what is stated is true; it is the mere objections of the party.

"7. Inferences will not be indulged to supply omissions in them. Nor will the court, on appeal, supply omissions, nor aid the bills by inferences or presumption.

"8. Objections not affirmatively mentioned in the bill are deemed to have been waived.

"9. A bill to the admission of evidence is incomplete and insufficient which simply states the grounds of objections to the errors, but fail to state, as matters of fact, the matters upon which the objections were predicated."

They are each and all applicable to this bill. The bill states that the court permitted the sheriff, over his objections, "to testify in re-

sponse to questions of the foreman of the jury as to the distance where the hat was found from the Sanchez camp, if possible." And then gives the question propounded by the foreman of the jury, asking that specific question and the answer to it that it was about 150 yards. We think it would be impossible from this whole bill or said portion of it, or any other portion of it, to tell how or in what possible way the question and answer could affect this case. No statement whatever in the bill is made showing this. The question is what is the distance from where the hat was found to the Sanchez camp? What hat? Whose hat? What did the location of any hat relatively from the Sanchez camp, as this bill shows, have to do with any fact, material or otherwise, in this case? Absolutely none so far as the bill shows. As we understand the qualification of the judge to the bill, he stated that the sheriff on the trial of the case stated that said distance was 150 or 160 yards. The bill does not show and we can not understand from it, unless as thus explained by the judge, what the previous testimony of the witness on the trial was. Under the rules we are prohibited from going to the statement of facts for enlightenment for any purpose to explain, modify, or make certain this bill. If we could go to the statement of facts for any purpose in connection with the bill, then we could go to it for all purposes whether to sustain the appellant in his objections or the court in his rulings. If we could go to the statement of facts, or the record otherwise than the bill, then we would find that the sheriff testified in his previous testimony precisely or substantially the same thing, without any question. So that in no contingency does this bill, or the ruling of the court shown thereby in connection therewith, show any reversible error.

Appellant's next bill is to this effect: That while said witness Winn, the sheriff, was testifying, after being recalled by the jury, the district attorney stated to the court in the presence of the jury that he was willing for the jury to take the map drawn by the State's witness Sanchez with them in their retirement, said map having been admitted by said witness Sanchez not to be a correct map or sketch and said map not having been admitted in evidence. This is the substance in full of this bill, except what we now state. Following what we have given above, the bill then proceeds to state that he objected to the statement of the district attorney in the presence of the jury, for the reason that it "was highly prejudicial to the defendant in this, that it was calculated to and did cause the jury to believe that the defendant did not want the jury to have said map or sketch, as the same might bear witness against said defendant, or in some manner give evidence against the defendant." And that he requested the court to instruct the jury not to consider said statement by the district attorney, and the court refused this. The court, in approving the bill, did so "with the exceptions of the deductions drawn by counsel in preparing the bill." This bill was filed March 13, 1915. The trial occurred, as stated, in December, 1914. What has been said about the insufficiency of bill

No. 3 equally applies to this. The court, in his qualification, expressly excluded the deleterious deductions drawn by counsel in preparing the bill. As we understand, the offer of the district attorney that he was willing for the jury to take said map, was not accepted by either the court or the appellant. The jury was not permitted to take the map under the district attorney's expression of willingness that they should. The bill was merely to the fact that the district attorney stated to the trial judge in the hearing of the jury that he was willing for the jury to take the map with them. We can not see how this would or could present any reversible error. As stated, the court expressly disapproved appellant's contention of it having any bad effect on the jury. He accepted the bill as qualified and is bound by it under all the decisions.

Appellant's next bill, No. 5, shows this: That when the court was about to take a recess for the day until the following morning, in the presence and hearing of the jury, he said: "The court will now adjourn until tomorrow morning at 9 o'clock, and that the sheriff might take the defendant home where he belonged." By this bill appellant then proceeds to claim that said remark of the court was calculated to make the jury believe, and it made them believe, that the court was of the opinion that the defendant should be in jail for the reason that he was guilty of the offense for which he was being tried, and that said remark was an expression on the part of the court of his opinion of the case. The court, in allowing this bill, did so with this qualification: "The court at adjourning time stated that the court would be at recess until the following morning, and stated to the sheriff that he might take the defendant home where he belonged, the court, all officers and jurors serving on the case knowing as a physical fact that the defendant was being tried at Jourdanton, Texas, and the jail or place where defendant was confined was at Pleasanton, Texas, a distance of some four miles, and the sheriff was obliged to transfer the defendant to and from the jail each day he was on trial, the deductions drawn and presented by the bill I do not approve.

"F. G. Chambliss, Judge, 36th Dist. of Texas."

As explained, this bill presents no reversible error. The court, as stated in the qualification, expressly did not approve the deductions and claim of what the jury could draw and understand therefrom.

The only other bill appellant has is his No. 7. It is very brief and to this effect: That on the trial "the defendant presented to the court requested special charges Nos. 2 and 3, which the court refused to give," to which ruling he then and there excepted and now here tenders his bill of exceptions No. 7 and prays that the same be signed and made a part of the record, which is accordingly done. Signed by the judge.

During the trial appellant made no exception whatever to the charge of the court. The court's charge was filed on December 8th. Evidently it was then read to the jury. By his charge he properly defined and submitted to the jury murder and self-defense. He also gave a charge on manslaughter in the very language requested by appellant. His

said charges two and three were in no way shown to have been presented to the judge prior to the time he charged the jury, nor does the record otherwise show that they were presented to him before he read his charge to the jury. The file mark thereon makes it evident that they were not presented to the judge for any action on his part until after he had given his main charge. Therefore, unquestionably under the Act of April 5, 1913, page 278, amending articles 735, 737, and 743, and adding article 737a to our Criminal Procedure, appellant has failed to raise or present this question so that we can review it. (Ross v. State, 75 Texas Crim. Rep., 59, 170 S. W. Rep., 305, and cases there cited.) In addition to this, since then, this court has so uniformly held in a large number of cases unnecessary to collate.

In addition to this, it has been the uniform holding of this court under said last articles cited of the Procedure, before amended, that appellant does not raise the question in a way that would authorize this court to review it. Ryan v. State, 64 Texas Crim. Rep., 628; Berg v. State, 64 Texas Crim. Rep., 612; Byrd v. State, 69 Texas Crim. Rep., 35, 151 S. W. Rep., 1068, and the authorities cited in these several cases. A large number of other cases to the same effect could be cited but it is unnecessary.

We see no necessity at this time of detailing the testimony. All the questions raised can be properly passed upon and are passed upon without reciting any of the facts. We have carefully read and studied the statement of facts, and the charge of the court submits aptly and properly every question which was raised by the testimony.

The judgment is affirmed.

*Affirmed.*

HARPER, JUDGE.—I concur in the affirmance of this case not alone because the bills do not properly present the questions for review, but if the bills presented the questions fully, when read in the light of the whole record, they or either of them do not present error.

DAVIDSON, JUDGE (dissenting).—1. This conviction was for murder. Manslaughter was in the case and a partial charge on the subject was given the jury at the request of the appellant. The whole law of manslaughter was not charged. The question of cooling time was in the case from two standpoints. A charge submitting this was refused. This should have been given. Perhaps, technically, critically, it might not be the subject of review, inasmuch as appellant does not make it definitely appear that he asked the charge before the argument was begun. As I understand the statute, however, if the defendant has not had a fair trial on his case and the charges, the strict critical technicalities are not to be applied. I do not believe that the harsh technicalities of the law should be applied at any time to deprive an accused of a fair legal trial. The statute should be liberally construed to the end that he may have a fair trial. C. C. P., arts. 25, 10, 4. The Constitution guarantees a fair trial by an impartial jury, and anything that tends to deprive him of this should be liberally construed in his

favor to the end that his legal rights may be preserved. Guilt is the end to be ascertained. That means the real offense under the facts proved and appropriate charges applied to every phase of the facts and issues presented by facts.

2. The question that I particularly desire to notice, however, is found in bill No. 3. That bill recites: "J. H. Winn, sheriff of Atascosa County, a witness for the State, was, at the request of the jury, and after the said jury had retired to consider of their verdict, permitted, over the objection of the defendant, to testify in response to questions of the foreman of the jury, as to the distance where the hat was found from the Sanchez camp, if possible, the court failing to instruct the said witness to make his statement in the language used by him in his examination as nearly as he could, and in response to said question of said foreman, the said witness proceeded to give testimony not previously given by him, and thereupon said witness testified as follows: Question by the foreman of the jury: 'We want to know the distance from where the hat was found to the Sanchez camp.' Answer: 'It was about one hundred and fifty yards. That's it.' Question: 'Did you step it off or measure it?' Answer: 'I guess it fifty or about fifty or sixty yards. Guesses at it, and part of it I measured. Found it beyond a cord of wood, about fifty or sixty yards; fifty or sixty yards from the Galan-Sanchez camp, I mean.' To all of which said testimony the defendant then and there objected for the reason that it was inadmissible for the witness to do more than repeat the language as nearly as he could, the evidence previously given by him, and because his testimony was new matter, and because the court had failed to instruct the said witness to make his statement to the jury in the language used by him in his examination as nearly as he could, because the said witness had testified in the case and was only recalled at the request of the jury, and the court overruled the said objections of the defendant, and permitted the witness to give the above testimony, and the defendant then and there excepted to all of said testimony, and now here tenders this his bill of exceptions No. 3, and prays that the same may be signed and made a part of the record in this case, which is accordingly done, with the additional statement that witness stated the distance above mentioned to be 150 or 160 yards from where the hat was found to Sanchez's camp." This bill, it will be observed, presents clearly, succinctly and coherently that Winn, the sheriff, was recalled as a witness at the request of the jury after their retirement to consider of their verdict, and, over the defendant's objections, was permitted to testify in response to questions of the foreman of the jury as to the distance the hat was found from the Sanchez camp, and the court failed to instruct the witness to make his statement in the language used by him in his examination on the trial as nearly as he could and "in response to said questions of said foreman, the said witness proceeded to give testimony not previously given by him." And then follows his testimony. This shows, on its face, this whole proceeding was in violation of the statute. The witness could not legally testify

to anything on recall by the jury, except what he had previously stated, and that to be in the language, as nearly as possible, delivered by him in the previous examination. The bill recites and sets out that the testimony was new matter, and makes it patent that the court did not instruct the witness as to such matters as the statute requires. The court nowhere as to this contradicts or qualifies this bill of exceptions. His qualification is that the witness stated the distance to be "150 or 160 yards from where the hat was found to the Sanchez camp." In his testimony set out in this bill, he said 150, and subsequently said it was beyond a cord of wood about fifty or sixty yards, and about fifty or sixty yards from the Galan-Sanchez camp. I do not understand how the bill of exceptions could be more plain on the question involved than this. We have two statutes with reference to the introduction of testimony outside of the regular trial examination. The first article referred to is article 718, C. C. P. of 1911. That statute is in the following language:

"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is 'necessary to a due administration of justice.'" This article has been held, and correctly, to be an exception to the general rule of hearing evidence, and fixes the limit of the discretionary powers of the court. Wherever it is deemed necessary to a due administration of justice the court may admit evidence at any time before the conclusion of the argument, but not afterwards. See Williams v. State, 35 Texas Crim. Rep., 183; Southerland v. State, 52 Texas Crim. Rep., 424; Lorance v. State, 37 Texas Crim. Rep., 453; Lockett v. State, 55 S. W. Rep., 336; White's Ann. C. C. P., p. 490. Under this statute the court is prohibited from permitting the introduction of testimony after the close of the argument. Those who feel interested in the question may read with profit and entertainment the discussion of the question in Williams v. State, supra, as well as the other cases cited. This evidence was given before the jury after their retirement and the bill of exceptions recites positively it was new evidence, and the court does not controvert this. The only statement he makes is that the witness said it was about 150 or 160 yards from where the hat was found. The bill recites it was 150. His attention was called to the fact in the bill and at the time of the recall of the witness, that the witness had not been cautioned and was giving new testimony and the court does not gainsay, qualify or dispute this in the bill, but signs it. From the standpoint of the introduction of new testimony this was inadmissible and error by the express terms of the statute. There is another article, however, 755 in the 1911 Revised Criminal Procedure, which reads as follows:

"If the jury disagree as to the statement of any particular witness they may, upon applying to the court, have such witness again brought upon the stand; and he shall be directed by the judge to detail his testimony to the particular point of disagreement, and no other, and he shall be further instructed to make his statement in the language used in his examination as nearly as he can." This bill recites the

jury had retired and came back and had the witness Winn recalled; he was not cautioned by the judge as to what he should testify, nor was the jury limited in their questions as to the testimony he had delivered on his original examination during the trial. This is all made patent on the face of the bill of exceptions. It is not controverted. It is further recited, emphatically, in the face of the bill of exceptions, not only that he gave additional and other testimony to what he testified originally, and the questions and answers are stated in the bill. Under this article the court should have instructed him to detail his testimony only to the particular point of disagreement and no other, and, further, that he should have been instructed to make such statement in the language used in his examination as nearly as he could. This bill of exceptions excludes the idea positively and certainly that the witness was so instructed. The court did not warn him or instruct him, and the court signs this bill of exceptions without qualifying or controverting those statements in the bill. This statute has often been construed, not only by this court, but by the Supreme Court, long before the creation or organization of the Court of Criminal Appeals.

In Campbell v. State, 42 Texas, 591, Judge Moore delivered the opinion and laid down these propositions: When a witness is permitted to be recalled at request of the jury, who disagree as to his testimony, such witness should be required to repeat his testimony upon the point in dispute, and in his words when previously testifying; it is error to allow a re-examination on that point. The provisions of the Code require: (1) The jury should indicate to the court the statement of the witness about which they disagree. (2) The witness should be brought upon the stand, and directed to detail his testimony in respect to this particular point and no other. (3) The court shall instruct the witness to make his statement in the very words used in his original examination as nearly as he can. When that opinion was delivered the Supreme Court was composed of Chief Justice Roberts and Associate Justices Reeves, Devine, Moore, and Gould. This was one of the great courts in the jurisprudence of Texas. Speaking of this, Judge Moore uses this language:

"Now let us note what occurred in the court below. The jury came into court and requested permission to re-examine the witness, but do not appear to have indicated any particular statement of the witness about which they disagreed. And although the court says: 'He admonished the jury that the witness could only be interrogated in reference to testimony which he had previously given, and about which some of them were not satisfied; and when the interrogations were propounded to, and answered by the witness, the court, as well as the witness, considered his answers as an effort to reiterate what he previously attempted to convey to the minds of the jurors.'" He further says: "The information given the jury did not serve the purpose, and can not be regarded as a substitute for the admonition to the witness. The jury were permitted to take upon themselves the office of examiners, and to make such inquiries as they desired, and that, too, of a

most direct and leading character. The questions propounded to the
witness had reference, no doubt, to matters about which he had testified,
but certainly they were not of a character calculated to elicit a reiter-
ation by the witness of his former statements, as nearly in the language
in which it was made as he could give it." In the case quoted from
it will be noticed that the trial court said that he admonished the
jury that the witness could only be interrogated with reference to the
testimony which he had previously given, and about which some of
them were not satisfied, and that when these inquiries were propounded
and answered, the court as well as the witness considered his acts an
effort to reiterate what he had previously attempted to convey to the
minds of the jurors; yet, with all that in the record before the Supreme
Court they held it was not a sufficient compliance with the statute and
reversed the judgment. It did not comply with the statute as was
correctly held by the Supreme Court. If that was a failure to comply
with the statute, what may be said of the failure in this case? The
court made no attempt to instruct the witness, jurors, or anybody else,
and he signed the bill stating positively that there was introduced new
testimony. To the same effect is Tarver v. State, 43 Texas, 564. The
headlines of that opinion is in this language: "When a witness is re-
examined at the request of the jury, after their retirement and return
into court, the omission of the judge to direct the witness to confine
his testimony to the particular point of disagreement, and to make his
statement in the language used by him in his first examination as
nearly as he can, will, when the witness, in the absence of such caution,
has given additional evidence, be ground for reversing a judgment of
conviction." In that case, as in this, the witness was not cautioned
or directed by the judge to detail his testimony in respect to the par-
ticular point of disagreement and no other. It was said in that opinion,
which was delivered by Mr. Justice Reeves:

"It not being shown that this was done, we are not authorized to
say that such a departure from the requirements of law in the mode
of examination and in permitting the witness to make a further and
additional statement from that made on the trial may not have been
prejudicial to the rights of the appellant. It might have been pre-
sumed that the proper instructions had been given to the witness, if
the judge had not stated what occurred at the time, but having under-
taken to state the facts, no such presumption can arise. If, however,
it appeared that the instructions were given, it would not remove the
objection to the statement made by the witness on his re-examination.
It is not necessary to examine the other grounds of objection to the
judgment with a view to express an opinion, as they may be avoided
on another trial." So the Tarver case was reversed exclusively on the
proposition involved here.

It was held in Shipp v. State, 11 Texas Crim. App., 46, counsel for
defendant can not waive appellant's right to be present on such occa-
sions; and it was held in Edmondson v. State, 7 Texas Crim. App., 116,
following Tarver v. State, and Williams v. State, supra, that where a

witness has been recalled, it is error to permit him to make statements additional to his previous testimony; and in Lorance v. State, 37 Texas Crim. Rep. 453, it was held error to *interrogate a witness with reference to any other fact*. These cases were reversed upon this question. These cases have been followed, so far as I can discover from an examination of the authorities, by all decisions in Texas where the matter has come for investigation. See Wilson v. State, 37 Texas Crim. Rep., 373; Lorance v. State, 37 Texas Crim. Rep., 453; Lockett v. State, 55 S. W. Rep., 336; Southerland v. State, 52 Texas Crim. Rep., 424; Williams v. State, 35 Texas Crim. Rep., 183; Branch's Crim. Law, sec. 878. This bill of exception can not be treated in the light of the ordinary bill reserved to the introduction of testimony during trial. All legitimate testimony is admissible during the trial and under certain circumstances it may be introduced in the discretion of the court for the due administration of justice before the argument is concluded, but when the argument has been concluded the case is closed absolutely so far as the introduction of testimony is concerned. There is no way in our Code and practice to get witnesses before the jury afterwards, except where the jury disagree after their retirement as to what one or more witnesses stated. The witness can be recalled at the request of the jury, and under proper instructions may restate his previous testimony in accordance with the terms of the statute, but he can not give new testimony. Wherever this question has come, and that statute has been violated, a reversal has always been granted and well this should be the case. The Legislature saw proper to close the case, so far as the introduction of testimony is concerned, at the conclusion of the argument. The case is then made one way or the other, and so far as the facts are concerned as to the introduction of testimony, concluded. This is a valuable right; it is a provision of legislative authority in the due order of the administration of justice; they had the right, the authority and the power to prescribe the rules, and this court and no court in Texas can or ought to say that it shall not be carried out as enacted by the legislative authority. The question of injury does not enter into the discussion. Where the bill states the facts and the statute has been violated, the question is settled and the reversal inevitably follows if the law is pursued. A bill of exceptions reserved to this character of proceeding is not to be construed as a bill ordinarily reserved to the introduction of testimony during the trial.

3. There was another thing done that seems to me was entirely wrong. While the jury had Winn on the stand,—at least while they were in the courtroom, the district attorney suggested and offered to permit the jury to carry with them in their retirement a map or plat drawn by the witness Sanchez, causing appellant to object. Lorance v. State, supra. The bill recites this map was incorrect, admitted by Sanchez to be incorrect, and was not introduced in evidence, but it forced appellant to object to this sort of an illegal performance when they came in from their retirement to seek the testimony of the witness Winn about another matter. This presents the matter in a very differ-

ent light from what it would have been had it occurred during the main trial of the case. Under the statute the district attorney had no authority to introduce the map, the jury had not called for it, and such performance as this should not be tolerated. Lorance v. State, supra. Its introduction would have been clearly violative of the statute, article 755, above quoted. It occurs to me that this question is of sufficient importance to require this judgment to be reversed. It was not right to force the appellant to object at that juncture to the admission of illegal testimony. From my view of the record and the law, I can not accord my sanction to the affirmance of this judgment.

This judgment should be reversed and the cause remanded.

HARPER, JUDGE.—Had the court permitted Sheriff Winn to testify to any new or additional facts when the question was propounded to him by the jury, I would not concur in the affirmance, but in my opinion the record discloses that he was not permitted to do so, and the court in approving the bill so qualifies it, and appellant accepting it as qualified is bound thereby. The sheriff testified he went to the scene of the difficulty, and that Chon Sanchez showed him the different points occupied by each. That the sheriff picked up the hat, and it is recited: "Here the witness is shown the map drawn by Chon Sanchez, and indicated each position on the plat or map as shown by the actual ground of the difficulty, that is, to say the different cords of wood that the parties used for barracks, the stump that caused the difficulty; the camps of the respective parties and the dead oak tree where the deceased fell, and the place where witness found the hat." He then testifies to respective distances. This was upon his original examination. Being of the opinion that no additional testimony or new fact was elicited when the sheriff was questioned by the jury, I concur in the affirmance.