S. S. BERLEW v. THE STATE.

No. 5682. Decided March 10, 1920.

Rehearing Denied October 20, 1920.

1.—Selling Intoxicating Liquors—Constitutional Law—Indictment.

Where the constitutional amendment adopted May 4, 1919, disclosed that by its express terms, said amendment was made self-operative, and that by its provisions the manufacture, sale, barter or exchange of the intoxicants therein described was forbidden, except for certain purposes, until such time as the Legislature might provide other and different penalties, a motion to quash said indictment on the ground that said constitutional ammendment was an attempt at direct legislation by the people, etc., is untenable. Distinguishing State v. Swisher, 17 Texas, 448, and other cases.

88 Tex.—16

**2.—Same—Constitutional Law—Rule Stated—Amendment.**

It seems clear that proceeding in the prescribed method for submitting a constitutional amendment, the Legislature might submit, and the people might adopt an amendment changing Section I, Article 3, of the Constitution or any other article thereof, and the same would be effective as a part of the constitution.

**3.—Same—Constitutional Amendment—Referendum—Precedent.**

The power of the people to so amend their Constitution as to engraft upon it the principle of the referendum cannot be successfully denied, and the provision in said amendment which substantially protects against violations of the terms thereof until such time as the Legislature can enact laws, has illustrious precedent, under the Constitution of 1876.

**4.—Same—Charge of Court—Accomplice—Bill of Exceptions—Officers.**

While the record contains no specific bills of exception, yet there were original objections made to the court's charge which were approved by the trial court as having been filed in due time and are in the nature of bills of exception, but it appearing that the witnesses alleged to be accomplices were officers who acted in the detection of illegal sale of intoxicating liquors, they were not accomplices under law, and there was no error in the court's failure to charge on accomplice testimony; besides, it did not appear that requested charges were presented before the main charge was read to the jury.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of the illegal sale of intoxicating liquors, the evidence was sufficient to sustain the conviction, there was no reversible error.

**6.—Same—Requested Charges—Practice in Trial Court.**

It must be made to appear in the record upon appeal either from the statements connected with and a part of the requested charge as presented, or else were in the bills of exception taken to their refusal, that such charges were presented to the trial court before the argument was had, and, in the absence of such showing, there is no reversible error. Following Lopez v. State, 73 Texas Crim. Rep., 624, and other cases.

**7.—Same—Sufficiency of the Evidence—Credibility of the Witnesses.**

Where, upon trial of illegal sale of intoxicating liquors, much of the testimony of the State was denied by the testimony of the defense, yet as the credibility of the witnesses as well as the weight of their testimony is for the jury, the conviction will not be disturbed.

**8.—Same—Accomplices—Rehearing—Charge of Court.**

Where, upon appellant's second motion for rehearing, he still urged that the trial court should have charged on the question of accomplices, held, that the authorities presented by appellant are not in point in the instant case, and where the purchaser of intoxicating liquors did so for the purpose of enforcing the law and bringing the offenders to justice, he is not an accomplice, and the motion for rehearing is overruled.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of illegally selling intoxicating liquors; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*W. L. Eason,* for appellant.—On question of accomplice: Cited Bush v. State, 151 S. W. Rep., 556; Scott v. State, 153 id., 872; Holmes v. State, 156 id., 1175; Ausbrook v. State, 156 id., 1178; Minter v. State, 159 id., 300; Denman v. State, 178 id., 333; Hearne v. State, 165 id., 599; Huggins v. State, 210 id., 804; Canales v. State, 215 id., 964.

*Alvin M. Owsley,* Assistant Attorney General, for the State — On question of accomplice: Gray v. State, 82 Texas Crim. Rep., 27; Ray v. State, 60 id., 138; Terry v. State, 46 id., 76.

On question of Constitutional amendment: Ex Parte Myer, 207 S. W. Rep., 100; Lewis v. State, 58 Texas Crim. Rep., 361.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of McLennan County for illegal sale of intoxicating liquor, and his punishment assessed at confinement for two years in the penitentiary.

The indictment under which the prosecution was had, reads as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

"The Grand Jury of the County of McLennan and State of Texas, duly selected, Organized and empaneled by the Judge of the 54th Judicial District of Texas, holding session of the District Court in and for said County, under their oaths in open Court present that heretofore, on or about the 7th day of September, A. D. 1919 and subsequent to and after the adoption of an amendment to the constitution of the State of Texas, and after the proclamation made by the Governor therof, prohibiting the manufacture and sale and barter and exchange in the State of Texas of spirituous and vinous and malt liquors and medicated bitters capable of producing intoxication and any other intoxicant whatever, except for medicinal and mechanical and scientific and sacramental purposes or for any of said purposes, and providing further that the sale of spirituous · and vinous and malt liquors and medicated bitters capable of producing· intoxication and any other intoxicant whatever for medicinal purposes shall be made only in cases of actual sickness and then only upon the prescription of a regular practicing physician, subject to the regulations applicable to sales under prescriptions in prohibited territory by virtue of Article 598, Chapter 7, Title 11, of the Penal Code of the State of Texas, one S. S. Berlew in the County of McLennan and State of

Texas, and before the presentment hereof did then and there unlawfully sell to Gid Walker in violation of said constitutional amendment, spirituous and vinous and malt liquors and medicated bitters capable of producing intoxication, which said sale was not made by the said S. S. Berlew for mechanical and scientific and sacramental purposes, and said sale was not made for any of said purposes, and said sale was not made for medicinal purposes in a case of actual sickness upon the prescription of a regular practicing physician in conformity with the regulations applicable to sales under prescriptions in prohibited territory by virtue of Article 598, Chapter 7, Title 11 of the Penal Code of the State of Texas, against the peace and dignity of the State.''

An examination of the constitutional amendment, which was adopted by the people of this State on May 24th, 1919, discloses that by its express terms, said amendment was made self-operative, and that by its provisions, the manufacture, sale, barter, or exchange of the intoxicants therein described, was forbidden, except for certain purposes, and that it is provided in said amendment that until such time as the Legislature may provide other and different penalties, that any person who shall violate the provisions of said amendment, shall be prosecuted as provided by law, as in cases of felony, and upon conviction, shall be punished by imprisonment in the penitentiary for not less than one nor more than five years.

Appellant made a motion to quash said indictment upon the grounds, briefly stated, that said constitutional amendment was an attempt at direct legislation by the people, and that this is forbidden by the terms of our constitutional provision to the effect that all legislative power is vested in the Legislature and that the submission of an amendment, such as the one in question, to the people, was an attempt at a delegation to the people of this legislative power, and was an attempt to have a statute enacted by direct vote of the people, and in violation of the terms of Section 1, Article 3, of our Constitution.

We are referred by appellant to the cases of State v. Swisher, 17 Texas, 448; Werner v. City of Galveston, 72 Texas, 27; Ex parte Mitchell, 177 S. W. Rep., 953; Lyle v. State, 80, Texas Crim. Rep. 606, 193 S. W. Rep., 680, and others along the same line, as being authorities supporting the contention contained in appellant's motion to quash. We have examined said authorities, which are more or less familiar, and regret that we are unable to see any application of the doctrine therein announced, to the instant question. In those cases, the rule is affirmed that, in the absence of a constitutional command, a law may not be enacted by the Legislature which, by its terms, grants to the people of any prescribed part of this State the right to declare by a majority of the votes cast at an election that such law shall or shall not become effective within the limits of said

territory. None of said decisions had in mind, or discussed the power of the Legislature to refer to the people for their adoption, amendments to their constitution, nor do they discuss the condition resulting from the adoption of such amendment. It seems clear to us, that proceeding in the prescribed method for submitting a constitutional amendment, the Legislature might submit, and the people might adopt an amendment changing Section 1, Article 3, of the Constitution, or any other article thereof. We are referred to no authority, and know of no one which holds that an amendment duly submitted and adopted is not effective as a part of the Constitution, because by some construction it may be claimed to be in contravention of some other clause of said constitution that was existent before the adoption of such amendment. This is a Republican form of government; all political power is inherent in the people; they make constitutions, and provide ways in which the same may be changed and unmade. The question that a proposed change is not in conformity with some existing declaration of the instrument, should be addressed to the electors. When they have adopted an amendment submitted in entire accord with the method they have provided therefor, we are without power to hold that that which is thus made a new part of the constitution, is unconstitutional.

The power of the people to so amend their constitutions as to engraft upon them the principle of the referendum, cannot be successfully denied. The provision in said amendment which substantially protects against violations of the terms thereof until such time as the Legislature can enact laws, has illustrious precedent. It was provided by Section 48, of Article 16, of the Constitution of 1876, that all laws, and parts of laws, in force in Texas, not repugnant to either the National or State Constitutions, should continue and remain in force as the laws of Texas until they expired of their own limitation, or were amended or repealed by the Legislature. Section 17, of said Article 16, expressly continued all those officers in office until their successors should be qualified. Section 53, of said Article 16, also expressly continued in force all writs and processes not returned or executed when the constitution should be adopted. We think these provisions of the Constitution of 1876 were self operative —were effective, and certainly not unconstitutional.

Counsel for appellant argues his motion with much logic and force, but we are unable to agree with him, and conclude that the trial court properly overruled said motion.

Appellant objected to the main charge of the court, for its failure to instruct the jury that witnesses Walker, Lewis, Wood and Burton, were accomplices; and he asked special charges to that effect, which were refused. An examination of the record discloses that not a single bill of exceptions was reserved or appears therein, and we are forced to conclude that the refusal of his special charges

was acceptable to appellant, as was the refusal of the court to correct his main charge.

We observe that it does not appear whether said special charges were presented and refused before the main charge was read to the jury. Watts v. State, 75 Texas Crim. Rep., 330, 171 S. W. Rep., 202; Burrus v. State, 76 Texas Crim. Rep., 120, 172 S. W. Rep., 981; Crossett, v. State, 74 Texas Crim. Rep., 440, 168 S. W. Rep., 548. In this condition of the record, such supposed errors cannot be considered by us.

Appellant assails, in his motion for new trial the sufficiency of the evidence, but lays no stress on this question in his presentation of the case here; and an examination of the statement of facts satisfies us of the sufficiency of the evidence to support the verdict.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

June 28, 1920.

LATTIMORE, JUDGE.—In his motion for rehearing, appellant objects to that part of our original opinion herein, where it is stated that no bills of exception were reserved. It is true that while the record contains no specific bills of exception, there were objections made to the court's charge, in writing, which were approved by the trial court as having been filed in due time, and are in the nature of a bill of exceptions; and our statement was not accurate. In said objections, it was urged that the charge was erroneous, in that it did not tell the jury that the witnesses Walker, Lewis, Burton and Wood, were accomplices, and in that it did not submit to the jury the question as to whether they were such. Wood, Burton, and Lewis were officers, and acted with Walker in an effort to stop bootlegging in Waco. Walker was furnished certain marked money, with which he said he bought whisky from appellant, after the sale of such intoxicant had been forbidden by the adoption of an amendment to our constitution. That such purchaser is not an accomplice has been frequently held by this Court. Seals v. State, 35 Texas Crim. Rep., 442, Ray v. State, 60 Texas Crim. Rep., 138; Moreno v. State, 64 Texas Crim. Rep., 669; Creech v. State, 70 Texas Crim. Rep., 239.

The charge of the trial court was correct in failing to submit the issue of accomplices, or to instruct the jury that such witnesses were of such character.

It must be made to appear in the record upon appeal, either from the statements connected with and a part of the special charge as presented, or elsewhere in the bills of exception taken to their refusal, That such charges were presented to the trial court before the argument was had. In the absence of some such showing, our well known rule which imputes correctness to the action of the trial court until the opposite is made to appear, would compel us to sustain the court's action in refusing even a proper special charge upon the ground that the same was presented too late, if no other reason for such action is shown. James v. State, 74 Texas Crim. Rep., 139, S. W. Rep., 727; Jones v. State, 74 Texas Crim. Rep., 205, 167 S. W. Rep., 1110; Crossett v. State, 74 Texas Crim. Rep., 440, 168 S. W. Rep., 548; Galan v. State, 76 Texas Crim. Rep., 619, 177 S. W. Rep., 124; Lopez v. State, 73 Texas Crim. Rep., 624; Clay v. State, 75 Tex., Crim. Rep., 387, 170 S. W. Rep., 743; Barrios v. State, 83 Texas Crim. Rep. 548, 204 S. W. Rep., 326.

In his motion, appellant further urges that the evidence does not support the verdict. The witness Walker testified positvely to purchasing a quart bottle of whisky from appellant, and that he gave him in payment therefor a marked ten dollar bill, which he had gotten from the officers. Walker said that he paid this money in sight of the witness Lewis, and that he put the bottle of whisky in his pocket, after imbibing a small portion thereof. The whisky was found on Walker by witness Burton. Lewis said he saw Walker flash a bill as he was paying some money to appellant. Appellant was a service car man, waiting at the M. K. & T. depot in Waco, when this transaction took place. Witness Risch came to appellant's car a few minutes after Walker said he bought the whisky and appellant carried Risch to his destination in said city for which service said witness and Walker said he paid appellant. Walker went with them. Risch said that he tendered appellant a twenty dollar bill in payment of his fare, and received from the latter, among other money, the marked ten dollar bill, which he later delivered to an officer who came for it, and gave him another bill in exchange. Much of this testimony was denied, but the credibility of the witnesses, as well as the weight of their testimony, is for the jury. We do not think the verdict against the weight of the testimony, nor without support therein.

The motion for rehearing will be overruled.

*Overruled.*

ON SECOND MOTION FOR REHEARING.

October 20, 1920.

LATTIMORE, JUDGE.—At the urgent insistence of appellant, this Court permitted the filing of his second motion for rehearing.

Practically the only question presented, is that we erred in our former opinions herein, in holding the action of the trial court correct in refusing to charge on the question of accomplices. We have carefully reviewed the facts and authorities presented by appellant in his second motion, but find ourselves unable to agree to the contentions made. We think most of the authorities cited by appellant are against him: that one who purchases liquor from another, who makes the sale in violation of law, does not constitute the purchaser an accomplice. In a sense, every man who goes to another and desires to purchase from him, or procure from, in violation of the law, any article, thus initiates the crime, but we entertain no sort of belief that where one who does this, for the purpose of enforcing the law by following up and bringing to justice the offender, would be an accomplice.

In addition to the authorities before cited, we call attention to a number cited by appellant in his second motion for rehearing: Holmes v. State, 70 Texas Crim. Rep., 214, 156 S. W. Rep., 1175; Ausbrook v. State, 70 Texas Crim. Rep., 289, 156 S. W. Rep., 1178; Minter v. State, 70 Texas Crim. Rep., 634, 159 S. W. Rep., 300; Hearne v. State, 73 Texas Crim. Rep., 390, 165 S. W. Rep., 599.

Appellant's second motion for rehearing is overruled.

Overruled.

Note: This case reached reporter in 1920.