### GEORGE SEARS v. THE STATE.

*No. 884. Decided February 12th, 1896.*

#### 1. Selling Liquor to Minor—Purchaser Not an Accomplice.

The purchaser in an illegal sale of intoxicating liquor is not an accomplice of the seller in the violation of the law, and his testimony is not subject to the rules governing accomplice testimony.

#### 2. Same—Evidence Sufficient.

See evidence summarized in the opinion which is held sufficient to support a judgment of conviction for illegally selling intoxicating liquor to a minor.

APPEAL from the County Court of Hood. Tried below before Hon. GEORGE W. RIDDLE, County Judge.

This appeal is from a conviction for illegally selling intoxicating liquors to a minor, the punishment assessed being a fine of $50.

The opinion sufficiently states the case.

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The appellant was tried under an indictment charging him with selling liquor to a minor, was convicted, and his punishment assessed at a fine of $50, and from the judgment of the lower court he prosecutes this appeal. The appellant asked a charge on accomplice's testimony, on the ground that the purchaser of the liquor in question was an accomplice. The court refused to give this charge, and appellant reserved an exception. The proposition contended for means that the purchaser (that is, the party who paid for the liquor) was a principal in making the sale of the same. In our view, he could scarcely be said to have participated in the sale of the said liquor with the same intent actuating the seller. They stood in opposite relations. The prosecutor did not participate in the sale of the liquor, and consequently did not enter into the offense with the same intent which actuated the seller. He was no more an accomplice than two persons would be who unlawfully, but willingly and voluntarily, fight together. The appellant in this case contends that the evidence is not sufficient to support the verdict. There is no question that the liquor was sold, but appellant insists that the evidence does not show that he had knowledge that the purchaser was a minor. The evidence is that the minor was only 18 years of age, and the uncontradicted testimony is that he bore a youthful appearance; and moreover, the clandestine method pursued by appellant in the delivery of the whiskey is significant; and, in addition to this, it

is shown that, after the commission of the offense, the appellant and pros-
ecutor undertook to formulate a forged order from the parents of the
prosecutor. All of this evidence was uncontroverted, and was sufficient
to authorize the finding of the jury that the appellant sold the whiskey,
or caused the same to be sold, to the prosecutor, with knowledge of his
minority. The judgment is affirmed.

*Affirmed.*