## LUTHER TERRY v. THE STATE.

### No. 2519. Decided January 28, 1903.

**1.—Local Option—Intoxication of Purchaser.**

On a trial for violating local option, it is the sale of the intoxicating liquor which is prohibited, and the State is not required to show that the purchaser was in any degree intoxicated by its use. The seller would not be liable for the purchaser's intoxication.

**2.—Same—Evidence.**

On a trial for violating local option, it is competent for the State to prove that, at the same time and place, another party also purchased a bottle of the liquor and that he and the alleged purchaser together drank the two bottles purchased, and that the liquor was intoxicating.

**3.—Same—Accomplice Testimony.**

On a trial for violating local option, a party who testified 'that he and the alleged purchaser both (each) bought a bottle of the liquor, at the same time and place, which they drank, is not an accomplice whose testimony was required to be corroborated.

**4.—Same—Evidence.**

On a trial for violating local option, it is not permissible to prove by a third party, that he went to the town where the liquor was averred to have been sold and drank some malt tonic, and became intoxicated; but did not know whether or not it was the same kind defendant sold, as alleged in the information.

Appeal from the County Court of Rockwall. ·Tried below before Hon. E. D. Foree, County Judge.

Appeal from a conviction of violating local option; penalty, a fine of $50 and twenty days imprisonment in the county jail.

R. Z. Dyer testified that he and the alleged purchaser, G. E. West, each bought a bottle of what was called malt tonic from the defendant, which they drank, and that the liquor was intoxicating. West testified to the same facts.

*Stroud & Ridgell,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, and fined $50 and given twenty days in the county jail.

Among other things the court charged the jury as follows: "You are further instructed that the law does not recognize any degrees in intoxication, and any alcoholic liquors which will produce intoxication in any degree in law would be intoxicating liquor." As said in the Frickie case, 40 Texas Crim Rep., 626: "This is rather a singular charge. We are of opinion that, under the local option law, whether or not the law recognizes such degrees would be immaterial. If the liquor was intoxicating, and was sold in violation of the law, the party would be guilty whether the purchaser was intoxicated in any degree. We do not see, however, how this charge could have injured appellant." The charge seems to have been predicated upon the idea that the pur-

chaser was more or less intoxicated. If this was the theory it would be beneficial to defendant, because it would seem to require the State to prove some degree of intoxication. This is not required by law, and would be a burden on the State. It is the sale of liquor that is prohibited; the seller would not be liable for the purchaser's intoxication under the local option statute.

The State was permitted to prove by Dyer that he purchased a pint bottle of malt tonic from defendant at the same time and place that the alleged purchaser West bought the one set out in the information; that he and West drank the same together, and that it was intoxicating. The bill further shows the fact to be that Dyer and West, by agreement, went together to appellant's place of business for the purpose of buying the tonic or beer, and that they each purchased a bottle, and together drank both bottles, and that it was intoxicating. This testimony was properly admitted. It was a part of the same transaction, and if the testimony is true, it went to show that the liquor they got was the same kind, and intoxicating.

It is contended that Dyer and West were accomplices, and the court erred in not charging the jury with reference to accomplice testimony, and the necessary corroboration. Under the rule laid down in Sears v. State, 35 Texas Crim. Rep., 442, these parties were not accomplices, and the court did not err in refusing to give the charge.

A witness, in the record styled "Windy Bill Kendall," testified he lived in Rockwall County, and that he and witness Gurley made a visit to the town of Garland, in Dallas County, and there drank some malt tonic, from which he became very much intoxicated, but he did not know whether it was the same kind West bought from appellant or not, and did not know whether it had the same properties as that handled by appellant and purchased by West. Objection was reserved. This testimony should have been excluded. Taylor v State, 50 S. W. Rep., 343; Petteway v. State, 36 Texas Crim. Rep., 97.

The exception to the action of the court overruling the application for continuance is not discussed. Upon another trial, the witness may be present, and if not, the application would be presented in different manner. The judgment is reversed and the cause remanded.

*Reversed and remanded.*