## K. Marmer v. The State.

### No. 2936.    Decided December 7, 1904.

#### 1.—Local Option—Continuance—Detective.

Where in a prosecution for a violation of the local option law, the application set out that the State expected to obtain a conviction on the testimony of a detective, whose residence or whereabouts were unknown and asking for time and opportunity to ascertain the character of said witness for truth and veracity in the community in which he lived was correctly overruled.

**2.—Charge of the Court—Accomplice—Statutes Construed.**

The local option statutes provide that those parties who buy or make purchase of whisky are not accomplices, and a detective would not be an accomplice, simply because he acted as a detective in buying the whisky, and there was no error in refusing to charge the law of accomplice on such a state of facts. Distinguishing Steele v. State, 19 Texas Crim. App., 425.

Appeal from the County Court of Smith. Tried below before Hon. S. A. Lindsey.

Appeal from a conviction of violating the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*J. W. Beaird* and *N. A. Gentry,* for appellant.—Where the testimony shows that the prosecuting witness has induced a violation of the law it is the duty of the court to charge upon accomplice testimony.

The evidence in this case shows that the sheriff suspicioned that the defendant was selling whisky; that the sheriff furnished the money and told the witnesses, Lowery and Brown, to buy from the defendant whisky in order that they might be witnesses against him; that the defendant did not offer the whisky for sale, but that the witness, Lowery, went to him and induced him to sell to him (Lowery) whisky. White's Penal Code, arts. 74–79; O'Brien v. State, 6 Texas Crim. App., 665; Steele v. State, 19 Texas Crim. App., 425.

In raising this question, and presenting these authorities, we are mindful of the law that a person who buys whisky in local option territories is not an accomplice. But we do not think that this means that he cannot be an accomplice to the illegal sale; for, if he induces the sale, his status as an accomplice is not changed by the fact that he is the buyer. His action before the sale, in procuring an illegal act to be done, is what constitutes him an accomplice. 9 Am. & Eng. Enc. of Law, p. 17; U. S. v. Adams, 59 Fed. Rep., 674; Saunders v. People, 38 Mich., 218.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail. The evidence shows that J. J. Robinson, sheriff of Smith County, hired A. N. Lowery and one Brown, as detectives, to ferret out violations of the local option law in Smith County; and paid said detectives for their services. The sheriff pointed out appellant to Lowery as one of the persons he suspected of violating the law. The detectives were strangers in the city of Tyler, having come from another part of the State. Lowery purchased a bottle of whisky from appellant. Appellant denied this transaction in toto, but claimed he gave Lowery a small quantity of whisky.

By bill of exceptions it is made to appear that appellant asked the

court to continue the cause, because the complaint and information charged defendant with the sale of whisky to one Lowery on January 12, 1904, and was filed on said date—the motion being presented on January 18th; that the prosecuting witnesses, Lowery and Brown, are strangers to defendant and his attorney and to the people of Smith County, and their residences are unknown to defendant and attorney; that said Lowery and Brown were employed by the sheriff of Smith County for the purpose of buying whisky from defendant and other persons, and said parties being unknown to defendant, their residences unknown, and after filing the information left Smith County and went to parts unknown and remained away from the county until January 17th, the day before this case was called for trial; and that because of this defendant and his counsel have been wholly unable to make any investigation as to the reputation of said witnesses, or either of them, for truth and veracity in the community where they lived and were known; that appellant believes and charges, if given time to investigate and learn of the whereabouts and previous residence of said witnesses, he can successfully impeach their reputations for truth and veracity in the neighborhood of their residence. Appellant further states that the State relies for conviction on the uncorroborated evidence of said witness; that by virtue of this condition defendant ought to be permitted and offered full opportunity to make investigations of said witness; that defendant and his attorney have made diligent inquiry as to where the homes of said witnesses are, where they came from, and their reputation for truth and veracity, but have wholly failed to gain any information by reason of the facts stated. No subpœnas were issued because of their inability to learn the whereabouts of said witnesses. This is the substance of the application for continuance. We know of no law authorizing the court to grant such an application for continuance; and hence it was not error to overrule the same.

In another bill, appellant complains that the evidence raises and calls for a charge on the issue of accomplice testimony and corroboration of accomplice; that said sales were secured by the procurement and instigation of witnesses Lowery and Brown. To support this contention, appellant cites Steele v. State, 19 Texas Crim. App., 425; O'Brien v. State, 6 Texas Crim. App., 665; White's Ann. Penal Code, arts. 74, 79. In the Steele case, the bare suggestion is made that said parties might be an accomplice under the facts herein detailed. The local option statutes provide, and parties who buy or make purchase of whisky are not accomplices. Clearly then the detective would not be an accomplice, simply because he acted as a detective in buying the whisky. And see Chenault v. State, 81 S. W. Rep., 971.

The charge requested by appellant, as far as applicable, were given in the court's charge; and hence it was not error for the court to refuse the same. The evidence amply supports the verdict of the jury, and the judgment is affirmed.                    *Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]