## JESS ROBERTSON v. THE STATE.

### No. 3626.　Decided June 23, 1915.

### Rehearing denied October 9, 1915.

**1.—Intoxicating Liquors—Occupation—Local Option—Indictment.**

Where, upon trial of pursuing the business or occupation of selling intoxicating liquors in local option territory, the indictment followed approved precedent, there was no error in overruling motion to quash. Following Mizell v. State, 59 Texas Crim. Rep., 226.

**2.—Same—Requested Charge.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence sustained the conviction, there was no error in refusing to submit a requested charge to acquit the defendant.

**3.—Same—Charge of Court—Circumstantial Evidence.**

Where the conviction depended upon circumstantial evidence, there was no error in refusing a requested charge that unless the jury found that defendant kept in his possession intoxicating liquors for sale, they would acquit him.

**4.—Same—Evidence—Accomplice.**

The purchaser of liquor is not an accomplice of the seller even though he solicits the sale to be made to him. Following Fox v. State, 53 Texas Crim. Rep., 150, and other cases.

**5.—Same—Sale—Charge of Court.**

Where the elements of the sale were properly defined in the court's charge, an objection thereto presents no error.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of following the occupation of selling intoxicating liquors in local option territory, the evidence, although conflicting, sustained the conviction, there was no reversible error.

Appeal from the District Court of Taylor. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Cunningham & Oliver* and *D. G. Hill,* for appellant.—On question of insufficiency of the evidence: Oliver v. State, 69 Texas Crim. Rep., 263, 152 S. W. Rep., 1066; Thomas v. State, 147 S. W. Rep., 262; Robinson v. State, 147 S. W. Rep., 245; Hightower v. State, 73 Texas Crim. Rep., 258, 165 S. W. Rep., 184.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of sufficiency of the evidence: Waits v. State and Barnes v. State, recently decided.

HARPER, JUDGE.—Appellant was convicted of the offense of pursuing the business of selling intoxicating liquors in prohibition territory, and his punishment assessed at two years confinement in the State penitentiary.

The court did not err in refusing to quash the indictment. Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125; Slack v. State, 61 Texas Crim. Rep., 372, 136 S. W. Rep., 1074.

Appellant requested the court to instruct the jury peremptorily to acquit appellant. We do not think the court erred in refusing to give such instruction, and will discuss this question more thoroughly under the assignment alleging the insufficiency of the evidence to sustain the verdict.

He also requested the court to instruct the jury that unless they found that appellant kept in his possession intoxicating liquors for sale they would acquit appellant. We do not think the court erred in refusing this instruction, because the case is one, partly at least, depending upon circumstantial evidence, and the court so instructed the jury.

The indictment alleged a sale of liquor was made by appellant to T. G. Thomason, and Thomason testified to facts and circumstances

authorizing a finding that a sale was made to him.  The provision of our Criminal Code relating to accomplice testimony does not apply to him, for our Code so provides.  It has often been held that a purchaser of liquor is not an accomplice of a seller, even though he solicits the sale to be made to him.  Walker v. State, 72 S. W. Rep., 601; Marmer v. State, 47 Texas Crim. Rep., 424; Fox v. State, 53 Texas Crim. Rep., 150; Trinkle v. State, 127 S. W. Rep., 1060.  The elements of a sale were properly defined in the court's charge, and the objections to that paragraph of the charge present no error.

The only other assignment of error is that the evidence is insufficient to show that sales were made to the persons named in the indictment, and if that be not correct, then the evidence is insufficient to show that appellant was engaged in the business or occupation alleged.  The express books show that in December appellant received in one shipment two gallons of whisky, and in another three gallons of whisky; that at another time he received a shipment of beer.

L. E. Keys testified he was at the Loven home, where appellant roomed, and saw appellant and others mixing whisky or alcohol.  He said they mixed four or five quarts of alcohol.  They would take a quart bottle and fill it about two-thirds full of water and finish filling the bottle with alcohol.

A. H. Darnell testified he was standing near the Loven house (where appellant roomed) and he saw a man come out with a quart of whisky, and he motioned towards the house and he went there to get him some whisky.  He went into a room that was darkened; a man was in there, but he could not say whether or not it was appellant.  He laid down a dollar and picked up a quart of whisky.  He testifies to going there on two other occasions, one time paying a dollar for it, and the other time he says he saw a slip of paper and it said $1.25; he laid down $1.25 and picked up a pint of whisky.  Other facts and circumstances are in the case, and it shows that someone was engaged in the business of selling intoxicating liquor at this house, and we think the facts and circumstances were sufficient to show that it was appellant.  He admits getting this whisky by express, and carrying it to his hotel, but he says only a small portion of it belonged to him and the remainder belonged to one Evans; that the part he got was for his own use, but he would have the jury believe that those who got whisky there purchased it from Evans, but the evidence would authorize the jury to find that appellant was the person engaged in the business.

As to the sale to Thomason, he says he and some friends made up a purse of $2 and he went to this Loven house and saw appellant in the hall and told him he desired to purchase a quart of whisky; that appellant told him he did not have a quart, but had a pint, and when asked the price, told Thomason it would be $1.25 a pint.  Thomason demurred at the price, but appellant insisted on the price, and he walked into a door of the room near where appellant was standing, put $1.25 on the table and picked up a pint of whisky.  This would authorize a finding that a sale was made by appellant to Thomason.

The other sale was alleged to have been made to M. B. McDaniel, and McDaniel testified he saw appellant talking to two or three boys, and he walked up and made the remark he wished he had a pint of whisky, when appellant said to him, "You might find as much as a pint in a barrel at the back of Hale's store, near the door." That in about fifteen minutes he went to this place and got a pint of whisky out of the barrel and left a dollar. This, we think, would authorize a finding that a sale was made to McDaniel, by appellant.

It is true appellant takes the stand and undertakes to explain all these circumstances in a way consistent with his innocence, but the jury was not bound to accept his explanation as true. In passing on the sufficiency of the evidence to sustain a verdict, we must take the evidence offered in behalf of the State, and if it is found to be true, it would support the verdict. We will not reverse the judgment unless the evidence is unreasonable.

We do not think the State's evidence is unreasonable, and the facts and circumstances proven by the State will support the verdict, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied October 9, 1915.—Reporter.]