## P. Robert v. The State.

### No. 5971.   Decided November 17, 1920.

#### Rehearing denied February 16, 1921.

**1.—Intoxicating Liquors—Recognizance.**

Where, upon an appeal from a violation of the so-called "Dean Law," the recognizance was insufficient to confer the jurisdiction upon this Court, the same is dismissed, however, a new recognizance having been filed, which is in proper form, the appeal is re-instated.

**2.—Same—Constitutional Law—Federal and State Legislation.**

The constitutionality of the so-called "Dean Prohibition Law" has been upheld, and is not in conflict with the so-called Volstead Act passed by the Congress of the United States. Following Ex Parte Gilmore, 88 Texas Crim. Rep., 529, Davidson, Presiding Judge, dissenting.

**3.—Same—Accomplice—Corroboration—Charge of Court.**

Where, upon trial of a violation of the so-called Dean Law, the defendant excepted to the court's failure to instruct the jury with reference to the law of accomplice, and pointed out that the purchasers of the whisky from the defendant were accomplices, the conviction cannot be sustained and there was reversible error.

**4.—Same—Rehearing—Purchaser of Intoxicating Liquors—Accomplice.**

By the terms of the so-called "Dean Law," enacted after the Constitutional amendment to the State Constitution was adopted, the purchaser as well as the seller is made to suffer the penalty for its violation, and it was necessary to charge upon accomplice testimony where the conviction depended upon the testimony of the purchasers of the intoxicating liquors. Following Franklin v. State, 88 Texas Crim. Rep., 342.

**5.—Same—Confession—Corpus Delicti—Defendant's Confession.**

Where, upon trial of a violation of the State prohibition law, the court below failed to charge upon accomplice testimony, the record showing that the State's witnesses were purchasers of the liquor sold, the conviction could not be sustained, although the defendant confessed the sale of such liquor, inasmuch as the *corpus delicti* could not be established by the defendant's confession alone.

Appeal from the Criminal District Court of Harris. Tried before the Honorable C. W. Robinson.

Appeal from a conviction of selling intoxicating liquors in violation of the Dean law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Harry C. Gerlach, P. C. Del Barto,* and *F. Charles Hume, Jr.,* for appellant.—Cited cases in opinion.

*Alvin M. Owsley,* Assistant Attorney General, and *E. T. Branch,* County Attorney, for the State. Cited Taylor v. State, 50 Texas Crim. Rep., 184; Griffin v. State, 43 id., 428; Kain v. State, 16 Texas Crim. App., 311; Stone v. State, 3 Texas Crim. App., 675; Liegois v. State, 164 S. W. Rep., 382; Gray v. State, 178 id., 337; Willingham v. State, 33 Texas Crim. Rep., 98; Berlew v. State, 225 S. W. Rep., 518; Hamilton v. State, 36 Texas Crim. Rep., 374.

DAVIDSON, Presiding Judge.—This conviction is for a violation of the Dean prohibition law.

Motion to dismiss the appeal is made upon the ground that the recognizance is insufficient, in that it does not comply with the statute. It recites that appellant stands charged with "violation of the liquor law." This is not sufficient under the decisions of this court to describe the offense for which he stands charged, nor does it recite the punishment awarded appellant. It is necessary under the form prescribed by the Legislature that the amount of the punishment be stated in the recognizance.

For the reasons indicated the motion of the Assistant Attorney General must be sustained. The appeal is dismissed.

*Dismissed.*

ON REHEARING.

January 12, 1921.

DAVIDSON, Presiding Judge.—On a former day of the term the appeal herein was dismissed on account of a defective recognizance. A new recognizance has been filed, which is in proper form, and the case will be reinstated and considered upon its merits.

Appellant was convicted for selling intoxicating liquors in violation of the Dean law and allotted a term of one year in the penitentiary.

The State introduced Leonard Lewis and Simon Huston, and by them proved that they bought whisky at the same time from appellant. The details of the purchase are unnecessary. That each one bought whisky from appellant at the same time is the basis of the State's prosecution.

The Dean law is attacked as being in conflict with the 18th Amendment to the Federal Constitution and Volstead Act by Congress, and does not afford a basis of this prosecution. This matter has been discussed in the recent case of Ex parte Gilmore, 88 Texas Crim. Rep., 529, where a majority of the court held that a party may be tried under the Dean law. The writer does not concur with the majority opinion, and does not believe the Dean law valid. That case is on motion for rehearing. So far as this case is concerned a discussion of the Dean law is pretermitted.

Appellant excepted to the court's charge for failing to instruct the jury with reference to the law of accomplice. He also requested a

special charge submitting that phase of the law with reference to those witnesses who testified they were purchasers of whisky from appellant. We are of opinion the court should have instructed the jury with reference to the law of accomplice. Under the local option statutes in vogue before the late amendment to the State and Federal Constitutions, the Legislature provided no punishment for the purchaser, and further provided that he was not an accomplice, and that his testimony, if believed by the jury, might form the predicate for conviction. Under the Dean law this is not the rule. The general statutes provide that all *particeps criminis*, when used as witnesses, are treated as accomplices. Independent of the general rule, which would require a charge in this case on that phase of the law, the Dean law, as found in the Acts of the Second Called Sessions of the Thirty-sixth Legislature, pp. 229 and 238, provides as follows.

"Sec. 2. That it shall be unlawful for any person, directly or indirectly, to manufacture, sell, barter, exchange, transport, export, receive, deliver, solicit or take  orders for, furnish or possess, any spirituous, vinous or malt liquors, or medicated bitters, or any potable liquor. mixture or preparation, containing in excess of 1 per cent of alcohol by volume, or any equipment for making such liquors, except for medicinal, mechanical, scientific or sacramental purposes."

Sec. 31 reads as follows: "It shall be unlawful for any person within this State to purchase for himself or for another, or to receive from any carrier intoxicating liquors sold, bartered or given to him or delivered to him in violation of this Act, and such person shall be punished accordingly as provided in the penal section of this Act."

Section 36 of the same Act provides that: "Any person violating any of the provisions of this Act shall be deemed guilty of a felony and upon conviction thereof shall be punished by confinement in the penitentiary for any period of time not less than one year or more than five years."

The two witnesses above mentioned testified that they bought whisky from appellant which he had in an automobile; one of them bought a gallon, and the other bought a gallon. One of them paid for it, and the other did not, but they took their whisky and went away. From any view point of this law under these facts, these two witnesses were clearly violators of the Dean law and could have been punished. The court, therefore, should have charged that these two witnesses were accomplices and need the necessary corroboration provided by the statute governing accomplice testimony. Appellant brought himself properly within the rule by excepting to the court's charge and requesting a special charge. Franklin v. State, 88 Texas Crim. Rep., 342, this day decided in opinion by Judge Morrow. The court refused to charge on exception being made, and refused the special requested instruction. This is error, and for which the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

February 16, 1921.

HAWKINS, JUDGE.—This case having heretofore been reversed and remanded in an opinion by Judge DAVIDSON, the State, by the able district attorney of Harris county, E. T. Branch, has presented a motion for rehearing, urging that the former opinion was erroneous in holding that the purchaser of intoxicating liquor, under what is known as the Dean law, is an accomplice. We are referred to the Sears case, 35 Texas Crim. Rep., 442, in which this court announced, in an opinion by Judge DAVIDSON, that the purchaser of intoxicating liquor was not an accomplice. In that case the prosecution was for selling liquor to a minor, and the statute under which that prosecution arose did not make the minor guilty of an offense in buying. We are also referred to the Berlew case, 88 Texas Crim. Rep., 241, 225 S. W. Rep., 518, an opinion by Judge LATTIMORE, where the prosecution was under the constitutional amendment adopted in 1919. That constitutional amendment was made self-operative, and penalty attached to the manufacture, sale, barter and exchange of intoxicating liquors, but was silent as to the *status* of a purchaser, and the prosecution in the Berlew case was under the self-operative provision, and prior to the enactment of the Dean law. But now a vastly different state of affairs exists. The prosecution in this case is under the Dean law, which was passed after the constitutional amendment was adopted, and to enforce its provisions, and by the terms of that law, the purchaser as well as the seller is made to suffer the penalty for its violation. Mr. Branch, in Sec. 319 of his Criminal Laws of Texas, we think, announces the correct rule: "An 'accomplice' as used in connection with the testimony of a witness who requires corroboration, includes . . . all persons connected with the crime by unlawful act or omission, transpiring either before, at the time of, or after the commission of the offense, and whether such witness was present or participating in the crime or not." A sale of intoxicating liquor is the transfer of title of property from one person to another, and the purchaser is surely connected with the sale; is present and participating, and under the Dean law is made to suffer the same penalty as the seller. We cannot agree to the State's contention, and adhere to the original opinion that the purchaser of intoxicating liquor sold in violation of the Dean law is an accomplice witness. Franklin case, 88 Texas Crim. Rep., 342, decided January, 1921.

The State further in its motion for rehearing asks that in the event we still hold as heretofore indicated, that the motion for rehearing be granted and the judgment affirmed because a failure of the trial judge to charge on the law of accomplice testimony was not calculated to injure the rights of appellant as required by Article 743 C. C. P., because there is no question that appellant made the sale to Lewis as

charged in the indictment, as shown by appellant's confession introduced in evidence. The record does show a confession by appellant admitting the sale to Lewis, and the contention of the State is plausible that no harm could have come to him from the error of the court in failing to charge on accomplice testimony, because of his own confession. We would be inclined to look with some favor on this suggestion in the motion for rehearing if the testimony of the accomplice witnesses could be eliminated and there still remained in the record sufficient evidence to show appellant's guilt; but an examination of the statement of facts discloses that outside of the testimony of the two accomplices witnesses and the appellant's confession, there is no testimony showing the commission of the alleged crime, to-wit: the unlawful sale of liquor. If the accomplice testimony be eliminated, there remains only the confession,. and this brings us face to face with the principle of law long established that the *corpus delicti,* or crime itself, cannot be established by the confession alone of the party charged with the commission of the crime. Under this state of the record, it being necessary for the prosecution to rely upon the accomplice testimony to make its case, we cannot give assent to the proposition that no harm resulted to appellant for failure to charge on accomplice testimony, and the motion for rehearing will be overruled.

*Overruled.*