Eugene Franklin v. The State.

No. 6058.  Decided January 26, 1921.

**Intoxicating Liquor—Accomplice Testimony—Sale.**

The rule of accomplice testimony prescribed by Article 801, C. C. P., would apply to the testimony of one who, knowing the unlawful purpose of the seller of intoxicating liquor, being present when it was committed, advised and encouraged the unlawful act; this is so, even if the purchaser was not a principal offender with the seller, under Section 31, Chapter 78, Acts of the Thirty-sixth Legislature, Second Called Session, his testimony against the seller would require corroboration. Following Johnson v. State, 58 Texas Crim. Rep., 244, and other cases.

Appeal from the District Court of Kaufman.  Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of unlawfully selling intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne*, for appellant.—On question of accomplice testimony: Gilbert v. State, 186 S. W. Rep., 324.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—Cited Creech v. State, 158 S. W. Rep., 282.

MORROW, Judge.—The appellant was convicted of the unlawful sale of intoxicating liquors.  But one witness was used.  He testified that he purchased intoxicating liquors from the appellant for beverage purposes and paid him therefor.

In the companion case, State v. Franklin, No. 6059, we have expressed the view that the rule of accomplice testimony prescribed by Article 801, Code of Criminal Procedure, would apply to the testimony of one who, knowing the unlawful purposes of the seller of intoxicating liquors, being present when it was committed, advised and encouraged the unlawful act.  In addition to what is there said, it may be mentioned that Section 31 of Chapter 78, Acts of the Thirty-Sixth Legislature, Second Called Session, declares that it shall be unlawful for any person, within this State, to purchase for himself or another, intoxicating liquors sold, or bartered to him in violation of this Act. It would seem, therefore, that even if the purchaser was not a principal offender with the seller, his testimony against the seller would require corroboration.  The identity of the offense would not be essential.  This is illustrated in the well-established rule which makes the thief an accomplice within the purview of Article 801, Code of Criminal Procedure, with the receiver of the stolen goods.  Johnson v.

State, 58 Texas Crim. Rep., 244; Miller v. State, 4 Texas Crim. App., 251; Crutchfield v. State, 7 Texas Crim. App., 65.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*