JAMES THOMAS v. THE STATE.

No. 6151.  Decided March 9, 1921.

Rehearing Granted March 30, 1921.

**1.—Selling Intoxicating Liquors—Recognizance—Felony Case—Final Sentence.**

On appeal, in a felony case, when the record does not contain a recogni-
zance. or bail bond, the presumption of this court is, unless the opposite is
made to affirmatively appear, that the appellant is in jail, and the motion to
dismiss will be overruled, as the rule contended for by the State applies only
to misdemeanor cases.  However, the record not containing a final sentence,
the appeal is dismissed.

**2.—Same—Rehearing—Accomplice—Corroboration.**

Where upon motion for rehearing it appeared that the defect in the
record as to final sentence had been corrected, the cause will be heard upon
its merits, and it appearing that the State's witness was a purchaser of
the intoxicating liquor he was an accomplice under the Dean Law, and the
evidence was not sufficient to support the verdict without corroboration. Fol-
lowing Westbrook v. State, 88 Texas Crim. Rep., 466.

Appeal from the District Court of Kaufman.  Tried below before
the Honorable Joel R. Bond.

Appeal from a conviction of selling intoxicating liquor in violation
of the Dean Law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne,* for appellant.—Cited Franklin v. State, 227 S.
W. Rep., 486.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in this case in the
District Court of Kaufman County of the offense of selling intoxi-
cating liquor under what is known as the Dean Law, Acts Second
Called Session, Thirty-Sixth Legislature, page 228, and his punish-
ment fixed at confinement in the penitentiary for a term of one year.

The State has filed a motion asking for the dismissal of this case
because the record shows neither a recognizance nor the fact that ap-
pellant is in jail.  The authorities cited by the State in support of this
motion will be found upon examination to be misdemeanor cases, and
we understand the rule contended for by the State to apply only to
misdemeanor cases.  On appeal in a felony case when the record does
not contain a recognizance and bail bond, the presumption of this court
is, unless the opposite is made to affirmatively appear, that the appel-
lant is in jail.  That portion of the motion of the State is therefore
denied

The State also moves to dismiss this appeal because the record does not contain a sentence. An examination of the record shows this ground of the motion to be well taken.

For the reason that the record contains no sentence, the appeal will be dismissed.

*Dismissed.*

ON REHEARING.

March 30, 1921.

LATTIMORE, JUDGE.—At a former day this case was dismissed because the record contained no sentence. This defect has been corrected, and the cause is now considered on its merits.

But two witnesses testified. Green Shannon testified that about the first of September he and Jim Holland went to the house of appellant and bought a pint of corn whisky. Crackshot Griffin testified that he took Green Shannon and Jim Holland out to a point on the pike road between Elmo and Cobb Switch one night about the first of September, and that they got out of the car and walked off a piece, and that he did not know where they went, and when they came back they had some whisky. For the reason that the witness Shannon is an accomplice, being the purchaser of liquor and himself equally guilty with the seller, we are compelled to hold the evidence insufficient to support the verdict. Westbrook v. State, 88 Texas Crim. Rep., 466, decided at this term.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*