CLYDE CHANDLER v. THE STATE.

No. 6249.   Decided May 11, 1921.

**Intoxicating Liquors—Purchaser—Accomplice Testimony.**

A purchaser, in the case of selling intoxicating liquors, is held to be an accomplice under the provisions of what is known as the Dean Law, and in the absence of corroborative evidence, the conviction cannot be sustained. Following Robert v. State, 88 Texas Crim. Rep., 488, and other cases.

Appeal from the District Court of Kaufman.   Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of selling intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne, Miller & Miller,* and *Ross Huffmaster,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for selling intoxicating liquor to one Beverly Jones.   No witness testified in the case save the alleged purchaser.   Complaint was made that the court failed to charge on accomplice testimony, and because, in the absence of corroborative evidence, he should have instructed a verdict of "not guilty."

The case was tried before the opinion in the Roberts case, 88 Texas Crim. Rep., 488, 288 S. W. Rep., 230, was handed down, wherein a purchaser was held to be an accomplice, under the provisions of what is known as the Dean Law.   Under the authority of that case, and many since decided, the judgment of the trial court must be reversed, and the cause remanded.

*Reversed and remanded.*