[4] The court, in a general way, in his main charge on the issue of self-defense, applied it to the defense of Ray Carson as well as appellant. He sought, by a special charge, to have the issue submitted in a more definite and affirmative way, and upon another trial this should be done. Voight v. State, 53 Tex. Cr. R. 268, 109 S. W. 205; Scott v. State, 60 Tex. Cr. R. 318, 131 S. W. 1072; Griffin v. State, 57 Tex. Cr. R. 280, 122 S. W. 553; Medford v. State, 86 Tex. Cr. R. 237, 216 S. W. 175; Knight v. State, 84 Tex. Cr. R. 396, 207 S. W. 315.

Believing that under the facts a charge qualifying appellant's right to act in self-defense by an instruction upon the law of mutual combat was not warranted, and that its effect cannot be viewed as otherwise than harmful to appellant's defense, we order that the judgment of the court be reversed and the cause remanded for another trial.

## CHANDLER v. STATE. (No. 6249.)

(Court of Criminal Appeals of Texas. May 11, 1921.)

Criminal law ⬤⟞507(1, 2)—Purchaser of liquor an "accomplice."

In a prosecution for selling intoxicating liquor to another in violation of the Dean Law, such other, the purchaser, is an accomplice of defendant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accomplice.]

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Clyde Chandler was convicted of selling intoxicating liquor to another, and he appeals. Reversed, and cause remanded.

Wynne & Wynne, of Kaufman, Miller & Miller, of Athens, and Ross Huffmaster, of Kaufman, for appellant.

R. H. Hamilton, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted for selling intoxicating liquor to one Beverley Jones. No witness testified in the case save the alleged purchaser. Complaint was made that the court failed to charge on accomplice testimony, and because, in the absence of corroborative evidence, he should have instructed a verdict of "not guilty."

The case was tried before the opinion in the Robert Case, 228 S. W. 230, was handed down, wherein a purchaser was held to be an accomplice, under the provisions of what is known as the Dean Law (Laws [1st and 2d Called Sess.] 1919, c. 78). Under the authority of that case, and many since decided, the judgment of the trial court must be reversed, and the cause remanded.

## CHANDLER v. STATE. (No. 6250.)

(Court of Criminal Appeals of Texas. May 11, 1921.)

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Clyde Chandler was convicted for selling intoxicating liquor to another, and he appeals. Judgment reversed, and cause remanded.

Wynne & Wynne, of Kaufman, Miller & Miller, of Athens, and Ross Huffmaster, of Kaufman, for appellant.

R. H. Hamilton, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted for selling intoxicating liquor to one J. M. Peel. A requested charge on accomplice testimony was refused. The facts made it necessary to give such charge under the case Robert v. State,

228 S. W. 230, and many since following it. However, none of these had been delivered when this case was tried.

For the error in not giving the requested charge, the judgment must be reversed, and the cause remanded.