JOHN CHANDLER v. THE STATE.

No. 6259.     Decided May 19, 1921.

**1.—Intoxicating Liquors—Possession—Separate Offense—Former Conviction.**

Defendant's former conviction for the sale of this identical intoxicating liquor could not be pleaded in bar for having unlawfully in his possession the same liquor. Following Chandler v. State, recently decided.

**2.—Same—Accomplice Testimony.**

Where, upon trial of having in his possession intoxicating liquors, contrary to law, the testimony of the accomplice was not corroborated by other evidence, the conviction cannot be sustained.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of having in possession intoxicating liquors for unlawful purposes; penalty, imprisonment for one year in the penitentiary.

The opinion states the case.

*Wynne & Wynne, Miller & Miller* and *Ross Huffmaster,* for appellant.—Cited cases in opinion.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted of being in the possession of intoxicating liquor, not for medicinal, sacramental, scientific or mechanical purposes.

Only one witness testified upon the trial, and his evidence is here copied in full: "My name is Beverly Jones. I live down near Kemp, on the farm. I am twenty years of age. I remember having some transaction with Clyde Chandler and John Chandler along about the 15th day of September, or somewhere about that time. I bought the whisky from Clyde in Kemp and paid him the money and went out and

got the whisky. I bought a gallon and paid him $7.50. He did not deliver the whisky. I went out to John Chandler's; I went out and told him, Mr. Chandler, that he said give me the whisky. Mr. Chandler said all right, and went and got the whisky and brought it to me. He gave me a gallon. He got it back in the barn somewhere. I drank some of it, and it had a 'kick.' If I had drunk enough it would have made me drunk."

Appellant raises the question of former conviction, and urges that because he was convicted for the *sale* of this identical liquor to Beverly Jones, he cannot also be convicted for having possession of the same liquor. This contention has been decided adversely to appellant in cause No. 6265, John Chandler v. State, in an opinion delivered May 11, 1921. The exact question was there presented, and Presiding Judge MORROW uses the following terse statement: "The offenses are not the same, nor do they consist in the same act."

The court was requested to charge the jury to return a verdict of "not guilty" because of insufficient evidence. Jones purchased the whisky from Clyde Chandler, but took delivery of it from appellant. The purchaser became an accomplice as held in Franklin v. State, 88 Texas Crim. Rep., 342, 227 S. W. Rep., 486, and Robert v. State, 88 Texas Crim. Rep., 488, 228 S. W. Rep., 230. When the taint of accomplice attaches, it remains during the dealing with the property, the purchase of which produced the taint. It must indeed have been an unsatisfactory sale to Jones until it was consummated by the delivery of the whisky by appellant; and although appellant was charged in this case with "possession," and not the "sale," Jones was none the less an accomplice. No. 6263, John Chandler v. State, Decided May 11, 1921, in an opinion by Judge LATTIMORE, expressly settles the question.

There being no testimony other than Jones, an accomplice, the refusal of the court to give the requested peremptory charge was error.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*