STAFFORD REES V. THE STATE.

No. 8283.   Delivered November 4, 1925.

**1.—Furnishing Money to Pay Poll Tax—Indictment—Held, Sufficient.**

Where an indictment charging the defendant with furnishing another with money to pay his poll tax follows the Statute as set out in Sec. 157, Chap 11, Acts of 1st Called Session of 38th Legislature, same is held suf-

ficient. We see no reason for more specific pleading than that resorted to in the present instance.

### 2.—Same—Accomplice—Receiver of Money is.

Under our Statutes the person who receives money from another with which to pay his poll tax, is an accomplice, and the failure of the court to so charge in the instant case, is an error that necessitates a reversal. The court should have instructed the jury that McCollom was an accomplice, and that a conviction could not be had upon his evidence, without corroboration. Following rule laid down in liquor cases under old law. Franklin v. State, 88 Tex. Crim. Rep. 342 and other cases cited.

Appeal from the District Court of Bee County. Tried below before the Hon. J. J. Carmichael, Special Judge.

Appeal from a conviction for furnishing money to another with which to pay the latter's poll tax, penalty a fine of $200.

The opinion states the case.

*F. J. Chambliss, J. R. Dougherty, B. D. Tarlton* and *John Baker,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for furnishing to W. G. McCollom money with which to pay the latter's poll tax. The punishment assessed was a fine of two hundred dollars.

Section 157, Chapter 11, Acts of the 1st C. S. of the 28th Leg., 1905, reads:

"Anyone who gives money to another to induce him to pay his poll tax is guilty of a misdemeanor."

Section 170 provides that:

"Any person who loans or advances money to another knowingly to be used for paying the poll tax of such other person is guilty of a misdemeanor."

The punishment prescribed for violation of misdemeanor under said Act (Sec. 148) is by fine of not less than two hundred nor more than five hundred dollars or hard labor upon the public roads of the county in which the offense was committed for any period of time not less than sixty days, nor more than one year, or by both such penalties.

The prosecution is based upon the two sections quoted. The indictment contains many counts charging in various ways a violation of such law. We find no vice in the manner in which the offenses are charged. The pleader seems to have followed

the language of the Statute which ordinarily is sufficient. We see no reason for more specific pleading than that resorted to in the present instance.

We find in the record a great many bills of exception but discuss only one point.

The court did not charge upon accomplice testimony as related to the witness W. G. McCollom, who said he received the money from appellant with which he paid for and obtained his poll tax. Appellant properly excepted to the failure of the court to instruct the jury upon this issue and requested two special charges, one advising the jury that as a matter of law said McCollom was an accomplice, the other defining an accomplice witness and calling upon the jury to determine the issue. In the very Act which denounces as offenses the matters charged against appellant another section is found which fixes upon McCollom the status of an accomplice witness as a matter of law. Section 161 denounces certain acts enumerated as felonies, fixing the punishment therefor at confinement in the penitentiary for not less than three nor more than five years. Section 162 (deleting the portions not pertinent here) reads as follows:

"The penalty prescribed in the last preceding section against those who violate any of its provisions shall be imposed on anyone who receives or agrees to receive any money, gift, loan or other thing of value * * * for refraining or agreeing to refrain from obtaining his poll tax receipt * * * or for obtaining or agreeing to obtain the same. * * * "

By the peculiar provisions of the various sections referred to one who gives or loans money to another with which to pay his poll tax is denounced as being guilty of a misdemeanor only, while he who receives the money for obtaining his poll tax is denounced as a felon. Both the giver and receiver of the money become guilty of an offense differing only in degree. This being true a parallel case arises to that existing at the time our present liquor laws were first enacted by which the purchaser of intoxicating liquor was made guilty of a felony as well as the seller of the same. The purchaser under those circumstances was held to be an accomplice. Many announcements to this effect were made by this court prior to the amendment of the Statute relieving the purchaser from the provisions of the former law. Franklin v. State, 88 Tex. Crim. Rep. 342, 227 S. W. 486; Franklin v. State, 88 Tex. Crim. Rep. 414, 227 S. W. 487; Chandler v. State, 89 Tex. Crim. Rep. 300, 231 S. W. 105.

The court should have instructed the jury. that McCollom was an accomplice, and that a conviction could not be had upon his evidence without corroboration.   This conclusion is not in any way affected by the provisions of Section 165 of the Act heretofore referred to which provides that when two persons are parties to the same act in violation of any provision of the election law of this State either party may be required to testify regarding the same but the one testifying shall not thereafter be prosecuted for such illegal act.. The Section just referred to in no way undertakes to relieve the purchaser or other party who may be called as a witness from the onus of an accomplice but protects him only to the extent that he may not be prosecuted for the illegal act regarding which he testified, and thereby precludes him from refusing to testify on the ground that he might criminate himself.

For the error pointed out the judgment must be reversed and the cause remanded.

*Reversed and remanded.*