CURLEY BOYD v. THE STATE.

No. 14181. Delivered May 6, 1931.
Rehearing Granted May 27, 1931.

The opinion states the case.

*Taylor & Irwin,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is unlawfully selling morphine; the punishment, a fine of $100 and confinement in jail for 365 days.

The term of court at which appellant was convicted may by law continue more than eight weeks, and did continue from the first day of September, 1930, until the first day of November, 1930, which was approximately nine weeks. The trial court entered an order granting appellant ten days in addition to the time allowed by law in which to prepare and file his bills of exception and statement of facts. This being a misdemeanor case and the term of court having continued more than eight weeks, appellant was entitled under the law to thirty days after final judgment in which to file his statement of facts and bills of exception. Subdivision 5 of article 760, C. C. P. Including the ten days additional time allowed by the court, appellant had forty days after final judgment in which to file the bills of exception and statement of facts. The record discloses that said instruments were filed more than forty days after final judgment. This was too late. See Stewart v. State, 108 Texas Crim. Rep., 661, 2 S. W. (2d) 440; Elbury v. State, 114 Texas Crim. Rep., 269, 25 S. W. (2d) 846.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In connection with his motion for rehearing, appellant has filed affidavits wherein it is shown that it was not due to the negligence of appellant or his attorney that the statement of facts and bills of exception were not filed in time. Upon the showing made the statement of facts and bills of exception will be considered.

It was charged in the complaint and information that appellant "did unlawfully sell, furnish and give away five grains of morphine to Albert Nunn." Appellant made a motion to quash the complaint and information, but failed to specify as one of the grounds that they were duplicitous. Article 720, Penal Code, denounces as offenses the selling, furnishing and giving away of morphine. One commits an offense who sells morphine, and likewise it is an offense to make a gift of morphine. Each is a separate offense. See Todd v. State, 89 Texas Crim. Rep., 99, 229 S. W., 515. The complaint and information are duplicitous, but appellant waived all right to complain of such defect. A duplicitous information is not necessarily fundamentally defective. One accused of an offense may protect himself against the disadvantage of a trial under a duplicitous information by motion to quash, or exception to the information, or he may demand an election by the prosecution, but failing to avail himself

of one of these privileges, he cannot avail himself of this defect in the information after verdict. Melley v. State, 93 Texas Crim. Rep., 522, 248 S. W., 367.

Appellant contends that the evidence is insufficient to support the conviction. Appellant and one Mosher roomed together in a house in Dallas, there being evidence in the record that appellant controlled the house. Appellant testified that he had nothing to do with the control of the house, but merely paid his part of the rent for the room in which he and Mosher lived. Two Federal narcotic agents employed Albert Nunn, who was a morphine addict, to go to the house in which appellant roomed for the purpose of purchasing morphine. In addition to paying Nunn a stipulated sum for his services, the officers furnished him three $1 bills which they had marked. Nunn went to the house and returned in about thirty minutes with some morphine, which he delivered to the officers. The officers then entered the house and made a search. They found the three $1 bills in Mosher's pocket. As they entered the house appellant was sitting on the porch getting a shave, and Mosher was in the room he and appellant occupied. The officers found no morphine in the possession of appellant. There is nothing in the record showing possession of morphine by Mosher at the time the search was made. Nunn testified that he purchased the morphine from Mosher after appellant had instructed Mosher to make the sale to him. He said that appellant was sitting on the porch getting a shave when he entered the house and that after appellant told Mosher to sell him the morphine he and Mosher left the porch and went into Mosher's room where Mosher delivered the morphine to him. Nunn admitted that he had been employed by the officers and directed by them to the house where Boyd lived for the purpose of purchasing morphine. Appellant denied that he had anything to do with the sale of morphine, and declared that he possessed no morphine at the time Nunn came to the house. He testified further that he was sitting on the porch getting a shave when Nunn came in; that he did not know Nunn's purpose in coming to the house; that he did not tell Mosher to sell morphine to Nunn; that he was not present when the sale was made, and knew nothing about it. The barber who was shaving appellant testified that appellant did not instruct Mosher to sell morphine to Nunn, and that appellant did not enter the house with Mosher and Nunn. Mosher admitted that he sold the morphine to Nunn, but declared that it belonged to appellant and was sold under appellant's direction.

Mosher was an accomplice witness by virtue of the fact that he sold the morphine. It was undisputed that Nunn deliberately and intentionally entered the house for the purpose of bringing about a sale of morphine to him in order that prosecution might be instituted against the seller. We quote from Bush v. State, 68 Texas Crim. Rep., 299, 151 S. W., 554, as follows: "Wherever a party deliberately or intentionally

originates or succeeds in bringing about a violation of the law, he becomes a particeps criminis of that violation, and therefore when used as a witness must be corroborated. There is a line of cases which holds that where an officer or other parties understand or are led to believe that a violation of the law is in contemplation, and take steps to detect that crime, or get evidence by which the guilty parties may be punished, he would not be an accomplice, but in such cases he is not an original party to the bringing about the crime and is not guilty of originating or initiating it. In that character of case his connection with it is after the inception of the crime and after it has been determined upon, and he only then gets into it as a detective or for the purpose of arresting the party and bringing him to punishment. There is another line of cases which holds that, where the party originates the crime or is instrumental in its initiation and brings it about, he then becomes a particeps criminis and when testifying as a witness in the case is an accomplice. The leading cases in this state are Dever v. State, 37 Texas Crim. Rep., 396, 30 S. W., 1071; Steele v. State, 19 Texas App., 425. The opinion was by Judge Hurt and draws the distinction above mentioned between parties who were playing the role of detective for the arrest and punishment of parties, and those who originate the crime or assist in originating it in the first instance."

This court, in Huggins v. State, 85 Texas Crim. Rep., 205, 210 S. W., 804, expressed the opinion that the rule announced in Bush v. State, supra, was correct, but held that the fact that a purchaser of intoxicating liquor brings about the commission of the offense of selling does not bring him within the rule applicable to accomplice testimony. Article 670, Penal Code, providing, among other things, that the purchaser of intoxicating liquor shall not be held in law or in fact to be an accomplice, was considered to remove the purchaser of intoxicating liquor from the rule applicable to accomplice testimony, notwithstanding the purchaser, conspiring with others, brings about the commission of the crime for the purpose of instituting prosecution.

We have no statute exempting the purchaser of morphine from the rule applicable to accomplice testimony. Hence, under the facts reflected by the record, Nunn was an accomplice witness. He testified that he frequently bought morphine from parties for his own use, and that he did not report the sales to the authorities. It was only when he was paid to bring about a violation of the law that he made report to the authorities. His sole motive in the present case was to bring about a violation of the law for the purpose of receiving stipulated sums from the enforcement officers.

It was incumbent upon the state to corroborate Nunn and Mosher. A conviction cannot be had "upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the

offense committed"; and "the corroboration is not sufficient if it merely shows the commission of the offense", but it must tend to connect the accused with its commission. Article 718, C. C. P.; Durham v. State, 106 Texas Crim. Rep., 85, 290 S. W., 1092.

The test as to the sufficiency of the corroboration is to eliminate from the case the evidence of the accomplice witness, and then examine the evidence of the other witness with the view of ascertaining if there be inculpatory evidence; that is, evidence of incriminating character, which tends to connect the accused with the commission of the offense. If there be such evidence, the corroboration is sufficient; otherwise, not. Durham v. State, supra; Jones v. State, 59 Texas Crim. Rep., 559, 129 S. W., 1118. Applying this test, other than the testimony of the accomplice witnesses, we find that the record reveals circumstances as follows: Mosher and appellant occupied the same room. Appellant was on the porch getting a shave at the time Nunn entered the house for the purpose of purchasing morphine and at the time the officers made the search. Upon searching the house the officers found Mosher in the room occupied by him and appellant. They found in his pocket three marked $1 bills. A witness for the state testified that appellant controlled the house, and that when he was arrested and taken to jail after the officers made the search he turned over the keys to the house and garage to one of its occupants. We are unable to reach the conclusion that the fact alone that appellant roomed with Mosher, and that he probably controlled the house in which they roomed was evidence of an incriminating character which tended to connect appellant with the sale of morphine by Mosher to the witness Nunn.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, the judgment of the trial court is now reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.