CLAUDE PRIVITT V. THE STATE.

No. 18523.   Delivered November 4, 1936.
Rehearing Denied November 25, 1936.

The opinion states the case.

*Clyde Suddath,* of Henrietta, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor in what is designated as a "dry area," and punishment assessed at a fine of $100.00.

The complaint and information in this case correctly charge an offense. They were evidently drawn under the forms prescribed under the old local option law, and we commend the attorney who drew the pleadings for the State. Omitting formal parts, the information and complaint are as follows:

That—"in Clay County, Texas, on the 4th day of September, A. D. 1909, an election in accordance with the laws of this State was held under the authority of an order of the Commissioners' court of said county, theretofore duly made and published as required by law, to determine whether or not the sale of intoxicating liquors should be prohibited in said County, aforesaid, and thereupon the Commissioners' Court of said County aforesaid, did pass an order declaring the result of said election, and prohibiting the sale of intoxicating liquors in said County of Clay, which order was duly entered of record on the minutes of said Commissioners' Court, and which order was thereafter duly published for four successive weeks in the Henrietta Independent, the said Henrietta Independent, being a newspaper then and there published weekly in said Clay County, and being a newspaper selected in a manner as required by law by the then County Judge of Clay County for the purpose of said publication, which selection and publication, as aforesaid, was duly certified to by the said County Judge and his certificate thereof duly entered on the minutes of said Commissioners' Court, as required by law, and that thereafter, to-wit: on or about the 7th day of March, A. D. 1936, and anterior to the presentment of this complaint in the County and State aforesaid, Claude Privitt did then and there unlaw-

fully sell intoxicating liquor, to-wit: one pint of whisky, to G. S. Low, in violation of said law, which was in full force and effect in said Clay County, as aforesaid at the time of the taking effect of Section 20, Article 16, in 1919, of the Constitution of Texas, and has not been repealed by any election held in said County since said date."

The testimony as to the transaction upon which prosecution was based consists of a few lines. G. S. Low testified that on February 28, 1936, in Henrietta, Clay County, Texas, he purchased from appellant a pint of whisky, paying therefor one dollar. There appears in the statement of facts the following:

"Witness G. S. Low was an inspector for the Liquor Control Board of the State of Texas, and was acting as such at the time that he purchased said whisky from defendant."

The sole contention brought forward is that Low was an accomplice witness, and therefore a conviction could not be sustained without corroborating his testimony. Appellant's position seems to be that the mere fact of purchase rendered the purchaser an accomplice witness. We are cited to the following cases as supporting appellant's contention. Franklin v. State, 88 Texas Crim. Rep., 342, 227 S. W., 486; Franklin v. State, 88 Texas Crim. Rep., 414, 227 S. W., 487; Westbrook v. State, 88 Texas Crim. Rep., 466, 227 S. W., 1104; Robert v. State, 88 Texas Crim. Rep., 488, 228 S. W., 230; Thomas v. State, 89 Texas Crim. Rep., 110, 230 S. W., 157; Chandler v. State, 89 Texas Crim. Rep., 315, 230 S. W., 999; Ennis v. State, 93 Texas Crim. Rep., 44, 245 S. W., 435; Smith v. State, 93 Texas Crim. Rep., 529, 248 S. W., 685; Newton v. State, 95 Texas Crim. Rep., 261, 253 S. W., 284. All of the foregoing cases were decided under the "Dean Law" at the time when said law denounced as a felon the purchaser of intoxicating liquor, and for that reason have no application here, the present law carrying no penalty against the purchaser. There is found in Branch's Ann. Tex. P. C., Sec. 1236, p. 699, the citation of some dozen cases, including Dane v. State, 36 Texas Crim. Rep., 84, 35 S. W., 661, and Robertson v. State, 77 Texas Crim. Rep., 410, 178 S. W. 1191. All of the cases cited there support the text to the effect that in a prosecution for violating the local option law the purchaser is not an accomplice even though a detective. It will be found that every one of the cases so cited, including the two mentioned, turn on an article of the Penal Code enacted by the Legislature in 1887, and carried forward in the revision of 1895, as Art. 407 of the Penal Code, which, in part, provides as follows:

"The fact that a person purchases intoxicating liquor from any one who sells it in violation of the provisions of this chapter shall not constitute such person an accomplice."

The chapter referred to dealt with the then local option law. Our present local option law, designated as the "Texas Liquor Control Act," enacted by the 44th Legislature in 1935 (2d C. S., p. 1795, Ch. 467) contains no such provision, hence the cases mentioned have no application here, as neither do those decided by us after the amendment to the "Dean Law" and appearing in the 1925 revision of the Penal Code as Art. 670, which provided that the purchaser, transporter or possessor of liquor should not be an accomplice in prosecutions under the said "Dean Law." Prior to the enactment of old Art. 407, in 1887, the local option law contained no provision that the purchaser of intoxicating liquor was not an accomplice, and in that regard was exactly like our present "Texas Liquor Control Act." An investigation has lead to the discovery of only one case dealing with the subject prior to 1887, which is Steele v. State, 19 Tex. Cr. App., 425. We copy from the opinion as follows:

"It appears from the statement of facts that the two State's witnesses who testified that the defendant sold intoxicating liquor in said precinct had been employed by certain citizens of said precinct to watch the defendant in the conduct of his business as a druggist, and ascertain if he did not sell intoxicating liquors. These witnesses were to be paid, and were paid by their said employers, $100 to get defendant to sell them whisky, so that he could be indicted for the offense. They were furnished with expense money to enable them to accomplish this purpose. They were engaged in no other business at the time. Their sole employment was to get the defendant to violate the law by selling them whisky. It is insisted by defendant that these witnesses are accomplices in the offense committed by defendant, if any offense was committed, and that a conviction had upon their uncorroborated testimony cannot be sustained. We are strongly inclined to agree with counsel for the defendant as to the status of these witnesses. We can see no good reason why they should not be regarded as accomplices in the sale of the liquor, they being employed to procure such sale, and their energy and cunning being bought and paid for to accomplish that purpose."

It will be observed that the holding was not based on the mere fact of purchase, but upon the sale being induced for the entrapment of accused to violate the law. We apprehend that

old Art. 407 was enacted as a result of the decision in Steele's case. The holding in Steele's case was followed in Bush v. State, 68 Texas Crim. Rep., 299, 151 S. W., 554. The latter case was decided in 1912, and old Art. 407 was taken note of, but held not to have application as the sale of liquor involved did not occur in local option territory. See, also, Boyd v. State, 118 Texas Crim. Rep., 532, 39 S. W. (2d) 55, and Nami v. State, 127 Texas Crim. Rep., 403, 77 S. W. (2d) 528.

In principle the case of Sears v. State, 35 Texas Crim. Rep., 442, supports the proposition that even in the absence of any statute on the subject the mere fact of purchase does not make the purchaser of intoxicating liquor an accomplice witness. Sears was peing prosecuted for selling liquor to a minor, and it was insisted by accused that the purchaser was an accomplice witness. Judge Davidson said:

"In our view, he [*the purchaser*] could scarcely be said to have participated in the sale of the said liquor with the same intent actuating the seller. They stood in opposite relations. The prosecutor did not participate in the sale of the liquor, and consequently did not enter into the offense with the same intent which actuated the seller."

In Terry v. State, 44 Texas Crim. Rep., 411, 71 S. W., 968, the holding in Sears' case was followed and cited with approval without reference to old Art. 407, although same had been enacted six years before. The state-wide prohibition amendment adopted in 1919 fixed a penalty upon the seller of intoxicating liquor, and made the provision self-enacting. The amendment itself fixed no penalty against the purchaser. The prosecution in Berlew v. State, 88 Texas Crim. Rep., 242, 225 S. W., 518, originated under said self enacting clause, the law in all respects then being similar to that under the present "Texas Liquor Control Act," in that it carried no penalty against the purchaser and no provision regarding the purchaser not being an accomplice witness. A witness named Walker was furnished marked money by officers. Walker purchased whisky from Berlew. It was contended that Walker was an accomplice witness. It was held that Walker was not an accomplice witness, citing Sears v. State (supra), and many other cases. Those relating to sales of liquor, excepting Sears v. State (supra), were decided after old Art. 407 was enacted. Steele v. State and Bush v. State (supra), were not overruled and no notice taken of them. A review of the authorities leads us to the conclusion that the mere fact of purchase of intoxicating liquor sold in violation of the present law does not render the pur-

chaser an accomplice witness. We find it unnecessary to further consider the principle announced in Steele's and Bush's cases as in our judgment the record fails to bring the present case within the rule there announced. The only thing claimed by appellant as thought by him to call for application of said rule is the statement that Low, the purchaser, was an inspector for the Liquor Control Board, and was acting as such at the time he purchased the whisky. There is nothing to show that he sought to entrap appellant into a violation of the law, or that he used money furnished him by the Liquor Control Board in making the purchase, or that he retained the whisky as evidence in the prosecution. So far as the record shows he may have bought the whisky for his own use, and consumed it himself.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—From a re-examination of the record in the light of the motion for rehearing, we are constrained to hold that the disposition of the appeal upon the original hearing was upon the proper interpretation of the law as presented by the facts in issue.

The motion for rehearing is overruled.

*Overruled.*